LA FITTE ET AL. V. RUPS.

1. BILL TO DECLARE A TRUST AND TO SUBJECT PROPERTY HELD IN NAME OF ONE DEFENDANT TO DEBTS OF ANOTHER DEFENDANT — PROOF OF DECLARATIONS OF LATTER ADMISSIBLE.— In an action alleging fraudulent transfers of real estate by the debtor of the plaintiff to her co-defendant, and praying that the latter be decreed to hold the same in trust, subject to the lien of the plaintiff's judgment, declarations of the judgment debtor are admissible in evidence against both defendants to prove that the former furnished the purchase money and caused the deed to be executed to her co-defendant for the purpose of placing the title beyond reach of her creditors.

2. ADMISSIONS OF ONE JOINT DEFENDANT CANNOT BE EXCLUDED ON MOTION OF THE OTHERS — REMEDY.— In a suit against two or more defendants, admissions made by one cannot be excluded on motions of the others, the only remedy being to request a charge limiting the effect of the evidence.

3. RESULTING TRUST — SATISFACTION OF JUDGMENT.— Where one pur-
   chases and pays for real property, causing the title to be conveyed
   to another without consideration, a trust results in favor of the
   former, by means of which the property may be subjected to ex-
   ecution.

*Error to District Court of Pueblo County.*

Messrs. BROWNE & PUTNAM, C. A. LOTT, H. B. JOHN-
SON and MILLER & PERRY, for plaintiffs in error.

Messrs. SALISBURY & ELLWELL, for defendant in error.

RICHMOND, C.   By the complaint in this cause it is
averred that on December 30, 1881, the plaintiff recovered
judgment against defendant La Fitte.   That on the next
day (December 31, 1881) an abstract of the same was
filed, and it thereby became a lien upon the defendant
La Fitte's property.   Subsequently an appeal was taken
from this judgment to the supreme court of the state of
Colorado, where, on December 15, 1882, the appeal was
dismissed.   That on January 3, 1883, an execution was
issued upon said judgment, which was returned unsatis-
fied.   That on June 3, 1881, defendant La Fitte pur-
chased from Lewis C. Railey the property in controversy,
and took from him a bond, for the conveyance to her of
the same one year after the date thereof.   The purchase
price specified in said bond was $650.   That on June 7,
1882, the defendant La Fitte paid, or caused to be paid,
to the said Railey, the amount due in pursuance of said
bond, and procured from Railey a deed for the property
in controversy, to wit, lots 5 and 6 in L. C. Railey's sub-
division of lots 13, 14, 15 and 16, in block 127, city of
South Pueblo, county of Pueblo and state of Colorado,
to defendant Geils, the express consideration in that deed
being the sum of $650.   That on November 11, 1882,
La Fitte procured a deed from defendant Geils to defend-
ant Bellon, for the same property, for the sum of $650.
And that these several acts and conveyances were per-

formed and procured for the purpose of defrauding plaintiff, and hindering him in the collection, by execution, of the amount of his judgment against defendant La Fitte.  It is also averred, among other things, that the said La Fitte remained in continuous possession of the property during all this time; that the claim for which said judgment was rendered in the district court aforesaid was for material furnished and labor performed by the said plaintiff for said Mary La Fitte in and about the construction of a dwelling-house on said property; and that, after the house was completed, the said Mary La Fitte took possession of the same, without paying for the labor and material, and has continued to occupy the same ever since; and that the said property was worth about $2,500 at the date of the conveyance to Geils.

The prayer of the complaint is that defendant Bellon be decreed to hold the property in trust for the defendant La Fitte, and that it be subject to satisfaction of plaintiff's judgment.

The answers of the defendant are separate, and contain denials of most of the material averments in the complaint.  Continuous possession and occupation of the property by La Fitte is not denied, and the answer of Perrine Bellon is verified by La Fitte.  The cause was tried to the court.  In support of the complaint, plaintiff offered in evidence the original judgment, writs of attachment, transcript of record, judgment docket, the deed of Railey to Geils, and of Geils to Bellon, and also bond of Railey to La Fitte.

Adolph Geils, defendant, a witness sworn for the plaintiff, testified that he is acquainted with Mary La Fitte, but is not acquainted with Perrine Bellon, and that he had no conversation concerning the purchase of this property with either of these parties; that about all he recollects is he bought the property of Railey, paying him the sum of $650 for it, taking a warranty deed therefor; and that he subsequently sold it to Perrine Bellon for the

VOL. XIII — 14

sum of $650, with the improvements thereon; and that Mary La Fitte paid him the purchase price at the time of the execution of the deed, and informed him that Perrine Bellon was her sister, and lived in France. George Salisbury testified to a conversation with La Fitte, and, among other things, says that La Fitte stated to him that Rups had swindled her in the building of the house, and that she never would pay him in the world; that she had procured Mr. Geils, when he was rooming in her house and lying sick, to advance some money, as she was hard up, and paid Mr. Railey for the property; and that Mr. Geils took the bond, and surrendered the same, taking the deed from Railey; that subsequently Geils wanted to use his money, and she then advanced the money to Geils, and had the conveyance made to her sister. The reason she gave for having the conveyance made to her sister was that, some time in 1878 or 1879, two years prior to her buying the property, her sister had loaned her $1,000; and that she had the conveyance made in this way to pay her.

Mary La Fitte testified for the defense that she went to Railey about a week before the bond matured and told him that she could not pay it, and gave him back the bond, and told him to do what he pleased with the property; that she never had any conversation with Geils in reference to the purchase of the property; that she bought the property back again from Geils, and paid for it with money received from her sister; that she was acting as the agent of Bellon, under a power of attorney. She denies the conversation as testified to by Salisbury, but admits having had a conversation. The court found the issue for the plaintiff and granted a decree in conformity with the prayer of the complaint.

The two questions discussed by plaintiff in error are: *First*, the admissibility of the testimony of George Salisbury; *second*, the alleged fraud in the various sales and transfers of the property.

The ground of the objection to the testimony of Salisbury is that it was inadmissible as being no part of the *res gestœ*, having been made in the absence of Bellon, and never having been brought to her knowledge, or ratified by her.

We do not think that this position can be maintained. The theory of the plaintiff in this case is that the surrender of the bond, the execution of the deed of conveyance to Geils, and the subsequent execution of a deed by Geils to Bellon, was simply a sham; that the property was at all times the property of La Fitte; that she furnished the various sums of money, at the various times, to pay the consideration; that it was simply put into the hands of Bellon for the purpose of keeping it, for the time being, out of the reach of the creditors of La Fitte; that its ultimate use and benefit was designed for La Fitte herself.   This the plaintiff certainly had a right to prove, and, as against La Fitte, to prove it by La Fitte's own statements and declarations.   If Bellon had not been a party, there could then be no question but that the evidence objected to would have been competent as against La Fitte.   And the fact that Bellon was a co-defendant did not render the evidence inadmissible.   This is, in substance, the language of Mr. Justice Valentine in *Hairgrove v. Millington*, 8 Kan. 482.   See, also, 1 Greenl. Ev. § 174.

In a suit against two or more defendants, admissions made by one of them cannot be excluded on motion of the others, their only remedy being to request a charge limiting the effect of the evidence.   Whart. Ev. § 1204; *Hairgrove v. Millington, supra.*

While it may be said there is no direct and positive testimony as to the fraudulent purposes of the defendant La Fitte, or that she was instrumental in procuring the several conveyances to be made, there are many circumstances in this case indicating a fraudulent intent upon her part, from which we think a conclusion can logically

be drawn that she paid, or caused to be paid, the consideration for the conveyance. If paid by her, without her being indebted to Bellon, as a matter of law, a resulting trust would arise in her favor, and the plaintiff would be entitled to the relief which he sought.

It appears from the testimony that the defendant Geils was an occupant of the defendant La Fitte's residence on this property, and that he was there in a condition of ill health some time preceding the conveyance from Railey to him.

By the provisions of the bond from Railey to La Fitte the purchase money upon the property in controversy became due on the 3d day of June, 1881. The deed from Railey to Geils was executed on the 7th day of June, 1881, for the same consideration called for in the bond. While defendant Geils testified that he was wholly unacquainted with the transaction between Railey and La Fitte, and that no conversation had ever occurred between him and the defendant La Fitte, yet the circumstances of that transaction point strongly to the fact that the conveyance was received by him in pursuance of an understanding between himself and his co-defendant La Fitte. This conclusion is confirmed by the fact that, within a few months after that conveyance, Geils, at the instance of La Fitte, conveyed the property to Bellon, who was then in France, for the same consideration, notwithstanding there had been constructed upon the property a house of the value of $2,000. This, in connection with the additional facts that the defendant La Fitte had no other property out of which this judgment could be satisfied; that she was at the time in an embarrassed condition financially; had neglected to pay for the valuable improvements on the property, coupled with Geils' want of recollection, and the testimony tending to show that Bellon, in taking the title, acted as the passive agent of La Fitte, we think warranted the findings and judgment of the court below.

It has repeatedly been held by this court that " when the evidence is conflicting, and the verdict not manifestly against the weight of the evidence, the verdict must not be disturbed " (*Baker v. Hawley,* 4 Colo. 327, and cases cited); and this rule applies when a cause is tried to the court (*Dickson v. Moffat,* 5 Colo. 114).

We are clearly of the opinion that the evidence justified the findings of the court. The judgment should be affirmed.

PATTISON and REED, CC., concur.

PER CURIAM.   For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*