[No. 4994.]

[No. 2541 C. A.]

ROWE v. JOHNSON.

1. **Evidence—Practice—Presumption.**

In a trial to the court, where evidence was received only for the purpose of impeachment, it will be presumed that it was considered only for that purpose.

2. **Appellate Practice—Assignment of Errors—Evidence.**

In equity proceedings assignments of error relating to the reception of testimony will not be considered where there is sufficient unobjectionable testimony to uphold the decree.

3. **Resulting Trusts—Payment of Purchase Price.**

Where one purchases and pays for real property, causing the title to be conveyed to another without consideration, a trust results in favor of him who paid for the property.

4. **Resulting Trusts—Gifts—Presumption.**

Where one purchased real property and took title in the name of his wife, the presumption is that he intended it as a gift, and if he seeks to have a trust declared in the property resulting from his payment of the purchase money, he must show not only that he paid the purchase money, but he must also show that he did not intend it as a gift.

5. **Resulting Trusts—Husband and Wife—Gifts—Innocent Purchaser.**

Where a husband bought and paid for real property and took title in the name of his wife, one who purchased the property from the wife for a valuable consideration, without notice of any equitable claim of the husband, could not be deprived of title to the property at the suit of the husband seeking to establish a resulting trust.

*Appeal from the District Court of Logan County: Hon. E. E. Armour, Judge.*

Messrs. Munson & Munson and Messrs. Allen & Webster, for appellant.

Messrs. Brown & Hayes, for appellee.

Mr. Justice Steele delivered the opinion of the court.

The plaintiff (appellee here) brought her action in the district court of Logan county for the purpose of quieting her title to certain lots situated in the town of Sterling, in said county. The defendant filed an answer and counterclaim. In the counterclaim he set up an interest in the lots in himself, claiming that they were purchased with money belonging to him and his divorced wife, and that, although the title was taken in the name of his wife, the wife had agreed that she would take the title to the property in her name and would give him a one-half interest therein, and that the premises should be used and enjoyed by them jointly; that, pursuant to said agreement, he had expended large sums of money in improving the premises; that demand was duly made for a conveyance of the premises, which was refused, and that, shortly after the demand, his wife fraudulently conveyed the premises to the plaintiff, and that plaintiff fraudulently took the title to the premises with full notice of defendant's interests; that the conveyance to the plaintiff was without consideration. The plaintiff denied the allegations of the counterclaim, and alleged, among other things, that the matters set up in the counterclaim had been theretofore determined against the defendant, in a proceeding brought by him against his wife in the county court of Logan county.

At the trial the court admitted, over the objec-

tion of the defendant, the record of the county court judgment. The court rendered judgment in favor of the plaintiff, and the defendant prayed an appeal to the court of appeals. The court erred, it is alleged, in receiving the record from the county court, and erred in rendering judgment for the plaintiff. It appears from the transcript that the defendant objected to the introduction of the record from the county court, upon the grounds that the judgment was not properly pleaded, and that the judgment was not a final judgment on the merits. The objection was sustained. Afterwards the record from the county court was received for the purpose of impeachment and for the purpose of showing that the plaintiff had no constructive notice of the defendant's claim to the land in controversy. The briefs of counsel are largely devoted to a discussion of the proposition that the record of the county court was not admissible for any purpose. The trial was by the court; and the rules of evidence are not so rigid as when the trial is by a jury.—*Washburn v. Williams,* 10 Court of Appeals 153.

When a judge receives evidence for one purpose only, it will be presumed that he did not consider it for any purpose other than that for which it was received. Authority for not considering the assignments of error, based upon the reception of the testimony, is found in a recent case, where it is held that assignments of error which relate to the reception of testimony, will not be considered where there is sufficient unobjectionable testimony to uphold the decree. —*Kilham v. W. B. & S. D. Co.,* 30 Colo. 365. The defendant sought to have a trust declared in the property in question resulting from his act in buying it with his own money and causing the legal title to be conveyed to another person.

This court has held that, ''Where one purchases

and pays for real property, causing the title to be conveyed to another without consideration, a trust results in favor of him who paid for the property."—*La Fitte v. Rups*, 13 Colo. 207.

"Ordinarily, all that is necessary to establish a *prima facie* resulting trust, is to show that the party seeking to enforce the trust paid the purchase money, and the law presumes that he intended to reap the benefits, although the title was taken in another's name. But when title is taken in the name of a wife or child, or some other person for whom the one furnishing the money is under some natural, moral or legal obligation to provide, the presumption is that it was intended as a gift or advancement, and not as a trust. In the latter case, one seeking to establish a resulting trust must show, not only that he paid the purchase money, but he must also show that he did not intend it as a gift or advancement."—*Doll v. Gifford*, 13 Colo. Appeals 67.

If the plaintiff purchased the property for a valuable consideration, without notice of any equitable claim of the defendant, she could not be deprived of her title at the suit of the defendant seeking to establish a resulting trust. It follows, then, that there were several questions presented to the court for his determination. Unless the defendant proved that it was not his intention to make a gift to his wife of the property in question, he was not entitled to recover. If the plaintiff showed that she was a *bona fide* purchaser for value of the property, she was entitled to a judgment. There was testimony, and a want of testimony, from which the court could have resolved the issues in favor of the plaintiff independently of the record of the county court, received for the purpose of impeaching the defendant and of showing want of constructive notice to the plaintiff. The judgment is, therefore, affirmed.

*Affirmed.*

The Chief Justice and Mr. Justice Campbell concur.