THE CASE MANUFACTURING COMPANY v. GEORGE E. MOORE et al.

(Filed 7 May, 1907).

**Judgment—Matters Embraced—Substantially the Same Counterclaim—Estoppel.**—The cause of action embraced by the pleadings is determined by the judgment thereon, whether every point thereof is actually decided by verdict and judgment, or not. Defendants having recovered upon a counter-claim for damages against plaintiff in a former action, upon a note given for machinery purchased, on the ground that the machinery was unsuitable and unskillfully set up, etc., are estopped to again set up substantially the same counter-claim in an action brought by plaintiff upon another note, subsequently maturing, given for the same purpose.

ACTION to recover on note given for purchase of machinery, before *Bryan, J.,* and a jury, at November Term, 1906, of the Superior Court of CALDWELL County.

Defendant pleaded a counter-claim for damages arising from the inferior character of the machinery and the unskillful and unworkmanlike manner in which plaintiff's agents set it up in defendants' mill. From the judgment rendered, defendants appealed.

*T. M. Hufham, Jones & Whisnant* and *W. H. Bower* for plaintiff.

*W. C. Newland* and *Lawrence Wakefield* for defendants.

BROWN, J. The plaintiff sold certain machinery to defendants and contracted to properly install it in defendants' flour mill. Three notes were given for the unpaid purchase-money. The machinery having been duly installed, the note first due was promptly paid. Defendants refused to pay the second note, and plaintiff brought suit on it. The defendants pleaded a counter-claim to the effect that the machinery was deficient, unsuitable, constructed and set up in an unskillful and unworkmanlike manner, and not according to contract, on account of which defendants demanded judgment for $1,000 damages. Upon such counter-claim defendants recovered $350, which was set off against the note then sued on, and plaintiff awarded judgment for the balance of $9.14 and costs of the action.

The plaintiff now sues to recover on the last of the three notes, and the defendants for answer plead a counter-claim on account of the inferior quality of the machinery and the unskillful and negligent manner in which it was installed. The Court below held that the defendants were estopped to again set up substantially the same counter-claim in the present action, upon which they had recovered in the former, in

which ruling we fully concur. An examination of the answers in the two actions discloses that the counter-claim, or the ground for damage alleged by way of defense, is one and the same in both and based upon the same transaction. The matter is, therefore, *res adjudicata,* and the defendants cannot be permitted to recover twice upon the same cause of action. Upon the former trial, defendants had full opportunity to submit appropriate issues and evidence showing every damage resulting from the alleged breach of contract. If they did not avail themselves of their rights they cannot now set up substantially the same cause of action. Generally the plea of *res adjudicata* applies not only to matters actually adjudged, but to every other question which properly belonged to the subject-matter of the issue, and which the litigants by reasonable diligence could have brought forward. *Tuttle v. Harril,* 85 N. C., 456; *Wagon Co. v. Byrd,* 119 N. C., 460; *Dimmock v. Copper Co.,* 117 U. S., 559; 1 Herman on Estoppel, secs. 122 and 123. In *Tyler v. Capeheart,* 125 N. C., 64, it is said: "The cause of action embraced by the pleadings is determined by a judgment thereon, whether every point of such cause of action is actually decided by verdict and judgment or not. The determination of the action is a decision of all the points raised therein, those not submitted to actual issue being deemed abandoned by the losing party, who does not except."

Affirmed.