MARGUERITE O. SEMPLE, *Appellant,* v. JOHN S. SEMPLE, *Appellee.*

### En Banc.

### Opinion Filed June 9, 1925.

1. The intention to create a trust with which the grantor in a deed of conveyance executes a deed to another, not revealing to the grantee at the time of the conveyance such intention and of which the grantee knows nothing and the circumstances of the transaction are not of such character that an intention of the parties to create a trust may be presumed, is not sufficient to create a trust.

2. In a transaction involving the conveyance of land where it appears to have been the intention of the grantor that the grantee should enjoy the beneficial interest in the property the idea that a resulting trust was created is wholly inconsistent.

3. Evidence to establish a resulting trust must be so clear, strong and unequivocal as to remove from the mind of the chancellor every reasonable doubt as to the existence of the trust.

4. The ultimate facts alleged in a bill to declare a resulting trust must show clearly, strongly and unequivocally that an intention to create a trust existed between the parties at the time of the conveyance, else the bill will be defective.

5. When a husband conveys land to his wife, with whom he is living at the time of the conveyance, the presumption arises from the relation of the parties that no trust was intended to be created upon the land in favor of the grantor.

6. Where a cause is set down for hearing on bill and plea, the facts pleaded are for the purposes of the hearing assumed to be true.

7. Where a bill is filed to declare a deed of conveyance, absolute and valid upon its face to be void and of no effect, the complainant may, under the general prayer, have a decree declaring the conveyance to create a trust, if the facts warrant such a decree. But if he neither seeks nor obtains any such relief he may not after an adverse final decree against him declaring the deed to be a valid conveyance of the lands maintain another cause against the same party upon the same conveyance to declare it to create a resulting trust in his own favor.

8. A plea averring a former adjudication should be specific in its averments as to the existence of a former judgment or decree.

An Appeal from the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Order reversed.

*Edwin R. Dickenson,* for Appellant;

*Leitner & Leitner,* for Appellees.

ELLIS, J.—In October, 1922, John S. Semple exhibited his bill in chancery against his wife, Marguerite, and prayed that the bonds of matrimony existing between them "be declared null and void;" that the custody of their three children, a girl seventeen years of age and two boys of eleven and ten years of age respectively, be given to him, and that a certain tract of land described as the "North-

west Quarter of the Southeast Quarter of Section 24, in Township 37 South, of Range 24 East, in DeSoto County, "Florida," be decreed to be his property and that the defendant, in whom rested the title to the same, be declared "a trustee only."

The date upon which it is stated in the transcript of the record that the bill was filed is an error. It should have been the 13th of October, 1922. The subpoena was issued upon the latter date, was served upon the defendant the following day, she entered her appearance on the 6th day of November, 1922, and interposed a plea to a part of the bill on the 29th of that month and the transcript was filed in this court in July, 1923.

The plea was interposed to that portion of the bill alleging the conveyance of the land described to the defendant by the complainant in December, 1906, and the prayer that it be declared to be held in trust for the complainant by the defendant. To the remaining portion of the bill the defendant answered.

The plea was overruled. From that order the defendant appealed.

The plea averred that prior to the 13th day of October, 1922, the complainant exhibited his bill of complaint against the defendant in which he "sought to have the same deed of conveyance described in the present bill of complaint, dated December 9th, 1906, conveying to this defendant the same land described in his bill of complaint   *   *   *   declared to be null and void and of no effect, and set aside and cancelled and vacated by the court"; that in the bill first filed the complaintant described the land as his homestead; that on final hearing of the cause the chancellor decreed the cancellation of the record of the deed. That on appeal by the defendant from that order the Supreme Court reversed the "decision and final decree of the Circuit

Court'' and thereby adjudicated that the ''deed here sought to be declared invalid was and is a valid deed of conveyance to this defendant, and should be so decreed, and the said matters and things were thereby finally adjudicated.''

It is contended by appellant that the plea was one of *res adjudicata,* because it averred that the same subject matter was involved between the same parties and the cause was tried on its merits and decided by a court of competent jurisdiction in favor of complainant, one of the parties to the litigation in the instant case, on the issue that the land conveyed was the ''home place and homestead'' of the complainant and on appeal the decree of the court was reversed by the Supreme Court, which held the conveyance to be valid and should be so decreed.

The appellee contends that the issues involved in the first case were different from those presented in the instant case, in that in the former the conveyance was attacked as invalid as being an attempted conveyance of the homestead by the complainant to the defendant, there being children of their marriage; while in the instant case the conveyance is not attacked as invalid but it is sought to impress a trust upon the land in complainant's favor because the defendant had violated the conditions on which the conveyance was made and thus destroyed its purpose.

It is alleged in the bill of complaint that the land was conveyed by the complainant to the defendant ''for the purpose of making it a home place and homestead for him and his wife and their family,'' but that the ''said defendant has deserted him and carried away his children.'' That complainant is living upon the land as ''was his custom and as it was understood he should.''

It is not alleged in the bill that the defendant in accepting the deed of conveyance did so with any such purpose and agreed, as consideration for the conveyance, to hold and

use the land as a home place and homestead for the complainant, herself and children.

The theory of that portion of the bill relating to the conveyance of the land and the prayer which rests upon it is that a trust was created when the deed was executed, a trust in favor of the grantor. It is not contended that it was an express trust because no mention of it is made in the conveyance, nor did any agreement, express or implied, exist between the parties evincing an intention that the property was to be held by the grantee for the purpose alleged. It is not contended that it was an implied trust because none of the elements of such a trust are alleged to have existed. The bill's allegations show no resultant trust because it is not deducible from the mere nature of the transaction—the conveyance of a lot of land by a husband to his wife—nor are any facts alleged from which the trust could be presumed from the supposed intention of the parties; nor are there any allegations showing a trust *ex maleficio* or *ex delicto*.

The grantor's intention, with which he executes a deed of conveyance to another, which intention he does not reveal at the time of the conveyance and of which the grantee knows nothing, and the circumstances of the transaction are not of such character that an intention of the parties to create a trust may be presumed, does not create a trust upon the land conveyed. In both an express and resulting trust the element of intention to create a trust must exist between the parties. In one case the intention is expressed, in the other it is implied. A constructive trust arises entirely by operation of law without reference to any actual or supposed intention of creating a trust and often directly contrary to such intention. They are entirely *in invitum* and are forced upon the conscience of the trustee

for the purpose of working out right and justice or frustrating fraud. See 39 Cyc. 26-104; 26 R. C. L. 1214-1232.

Reduced to their last analysis the allegations of the bill are that the complainant, who owned the fee simple title to the land, made a conveyance of it to his wife in order that he and she and their children might have a home. In such case the intention was that the grantee and her children should enjoy the beneficial interest in the property, which is wholly inconsistent with the idea of a resulting trust. See 39 Cyc. 136; Long v. King, 117 Ala. 423, 23 South. Rep. 534; Rowe v. Johnson, 33 Colo. 469, 81 Pac. Rep. 268; Veeder v. McKinley-Lanning Loan & Trust Co., 61 Neb. 892; 86 N. W. Rep. 982.

The doctrine has frequently been announced by this court that the evidence to establish a resulting trust must be so clear, strong and unequivocal as to remove from the mind of the chancellor every reasonable doubt as to the existence of the trust. See McGill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836.

The ultimate facts alleged must, when established, have such probative force or the bill cannot be said to sufficiently allege the existence of such a trust.

The presumption arises from the relation of the parties at the time the conveyance was made that no trust was intended to be created upon the land in favor of the grantor. See Bailey v. Dobbins, 67 Neb. 548, 93 N. W. Rep. 687; Hamilton v. Steel, 22 W. Va. 348; Gaylord v. Gaylord, 150 N. C. 222, 63 S. E. Rep. 1028.

Aside from this, the doctrine of the English Statute of Frauds forbade the creation of parol trusts or confidences of lands unless manifested and proved by some writing. A resulting trust therefore would not be raised or effectuated to the express terms of a conveyance and in favor of a *grantor*. The declaration of the use to the grantee and her

heirs in the habendum, assuming the conveyance to have been in the common form, is conclusive between the parties and excludes any resulting trust to the *grantor*. See Squires v. Harder, 1 Paige's Chancery (N. Y.) 493.

The reason for the rule obtaining in this jurisdiction, therefore, that the evidence by which a resulting trust is sought to be established must be clear, strong and unequivocal, is apparent, if indeed it is applicable in cases where a grantor in a conveyance seeks to ingraft a trust upon property conveyed to the use of his grantee.

Such presumption is not overcome by the mere allegation that the complainant did not convey the land to his wife as a gift, coupled with the further allegation in the same bill that he conveyed the land to her that she and the children might enjoy the property as a home. The allegations of the bill are insufficient to establish a trust, admitting them to be true, which the plea does.

Now, while it is true that where the sufficiency of a plea is tested by setting the cause down for hearing on the plea, the sufficiency of the bill cannot be questioned, it is also true that the facts pleaded are, for the purpose of hearing, assumed to be true. See Waring v. Bass, 76 Fla. 583, 80 South. Rep. 514; 1 Daniell's Chancery Pleading and Practice (6 Am. Ed.) Chap. 15, p. 692.

The plea averred that the first case involved the validity of the same deed of conveyance described in the bill in the instant case. That in the first case the complainant sought to have the deed declared to be ''null and void and of no effect, and set aside and cancelled and vacated by the court,'' and that in the first case the ''said matters and things were thereby finally adjudicated.''

On the hearing on the plea the chancellor held it to be bad because ''it not appearing that the issues presented by

complainant are identical with those involved in former adjudication.'' But how was that fact made to appear? The plea averred that the same deed was before the court in the former cause, its validity was questioned and the complainant sought therein to have it declared to be of no effect.

From the averments of the plea it appears that the same subject matter was involved; because, while in the former case the validity of the deed was attacked and alleged to be void and of no effect, under the general prayer for relief the court could have, if the facts had justified it, ingrafted a trust upon the lands and given the deed that effect. So in the former case the complainant could have obtained the relief he seeks in this case, but not having obtained nor sought it he is nevertheless bound by the judgment because the issue could have been submitted and tried. See Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195.

One will not be permitted to split up a single cause of action and make it the basis for several suits. See White v. Ladd, 41 Ore. 324, 68 Pac. Rep. 739; Hobby v. Bunch, 83 Ga. 1, 10 S. E. Rep. 113; Case Mfg. Co. v. Moore, 144 N. C. 527, 57 S. E. Rep. 213; 119 A. S. R. 983, 10 L. R. A. (N. S.) 734; Stradley v. Bath Portland Cement Co., 228 Pa. St. 108, 77 Atl. Rep. 242; Burritt v. Belfy, 47 Conn. 323; Dulaney v. Payne, 101 Ill. 325; Pomeroy v. Prescott, 106 Me. 401, 76 Atl. Rep. 898; 21 Ann. Cas. 574; Wheeler Sav. Bank v. Tracey, 141 Mo. 252, 42 S. W. Rep. 946.

In order for a trust to exist it must have been created at the time the deed was executed. It is so alleged in the bill. Yet, in the first bill the execution of the deed was attacked by the complanant as a nullity having no effect whatever. The opportunity existed and was presented to him in that case to show such facts as then existed and under which the

deed was executed as would compel the inference that it was then the intention of the parties to create a trust. But he brought forth no such facts and made no such claim. He will not be permitted to suppress part of the facts of the transaction and ask for the sweeping relief prayed for in the first bill; that the deed be declared void and of no effect, and, upon an adjudication against him, come into court again upon the same transaction and reveal the facts that he might have submitted in the former case to the end that he might obtain the relief in the second suit that by diligence he could have obtained in the former.

But if he had produced in the former case the facts which constitute the ultimate facts alleged in the bill in the instant case the result would have been the same because no trust, express or implied, is made by the allegations of the bill in the instant case. So it follows that in the instant case the only relief obtainable would be a decree declaring the deed invalid, but that matter has been adjudicated according to the plea.

The plea should have more specifically averred that since the judgment of this court in the former case the court below had in fact entered the decree which this court in its decision said should be done.

No point, however, is made upon the looseness of the plea's language in this regard, and the court below may, at any time, if it has not already done so, enter the order that should have been made.

The order appealed from is reversed with directions to enter an order sustaining the plea.

WEST, C. J., AND WHITFIELD, TERRELL AND STRUM, J. J., concur.