H. C. FLANAGAN v. VERNON T. HERRETT, JR.

178 So. 147.
Division B.
Opinion Filed January 7, 1938.

*E. B. Drumright,* for Appellant;

*Mabry, Reeves, Carlton & White,* for Appellee.

CHAPMAN, J.—The parties to this suit in this opinion will be referred to as plaintiff and defendant as they appeared in the lower court. On December 5, 1935, plaintiff filed in the Circuit Court of Hillsborough County, Florida, his bill of complaint against his stepson in which he sought to impress a trust in his favor upon lands therein described, the legal title to which appeared in the name of his then deceased wife. The court below appointed a guardian *ad litem* for the minor defendant, who filed an answer de-

nying that the title to the described land was held in trust by the deceased for the use and benefit of plaintiff, and other material allegations of the bill. Testimony was taken before a master and reported to the court and on final hearing the equities were decreed to be with the defendant and dismissed the bill of complaint. From this decree dated June 26, 1936, the suit has been appealed to this Court and said decree assigned as error for a reversal.

The plaintiff produced as witnesses F. K. Bixby, Eugene Knight, R. N. Lowery, and plaintiff, and the legal effect of all the evidence, with exhibits, is, viz.: The plaintiff, H. C. Flanagan, obtained a divorce from his wife in Polk County, Florida, and thereafter during the year 1928 or 1929. intermarried with Mrs. Monica Fairchild Herrett, a widow having a son by a previous marriage, now the defendant to this suit. The plaintiff's monthly income was from $300.00 to $350.00 since marriage and of this amount he paid to his divorced wife and their five children monthly from $150.00 to $200.00. On October 6, 1930, plaintiff agreed to pay $2,750.00 for Lot 16 of Block 66, Palma Ceia Park, situated in Hillsborough County, Florida, and on November 3, 1930, took title thereto by warranty deed in his wife, Mrs. Monica Fairchild Flanagan. The warranty deed had the following clause: "To have and hold the same in fee simple forever." The grantee obligated herself to pay a mortgage in the sum of $2,000.00 then existing on the property and owned by an insurance company. The deceased wife at the time of marriage had no money or property and all payments thereon were made by plaintiff and some payments after her death, which occurred on January 9, 1934, and intestate. The deceased, plaintiff and defendant made the property their home from October, 1930, to January, 1934, and the plaintiff resided there in December, 1935, at the time of filing the bill of complaint and

it constitutes his entire property. No evidence was offered by defendant.

The record shows objections made as to the admissibility of certain evidence by plaintiff on the ground that it fell within the spirit and meaning of Section 4372 C. G. L. 1927, because it related to transactions and communications with his deceased wife. We think the suit can be disposed of without a ruling on the objection.

The quantum of evidence necessary to establish a resulting trust has been well settled in this Court for approximately half a century. The testimony must be full and clear and unequivocal. See Loftin v. Sterrett, 23 Fla. 565, 2 Sou. Rep. 837. Evidence to establish a resulting trust must be so clear, strong, and unequivocal as to remove from the mind of the Chancellor every reasonable doubt as to the existence of the trust. Geter v. Simmons, 57 Fla. 423, 49 Sou. Rep. 131.

When a resulting trust is sought to be established by parol evidence, the burden rests upon the person asserting the existence of the trust to remove every reasonable doubt as to its existence by clear, strong, and unequivocal evidence. Brown v. Brown, 106 Fla. 423, 143 Sou. Rep. 737; Benbow v. Benbow, 117 Fla. 37, 157 Sou. Rep. 512.

Counsel for plaintiff contends in his brief, in general, proof of the payment of the purchase price is sufficient to establish a resulting trust where no fiduciary relation exists and where a fiduciary relation exists the legal presumption of a gift prevents the application of the first rule and the court will declare or refuse to declare a resulting trust in favor of a person furnishing the purchase price, depending on the facts and circumstances of each suit. Authorities are cited for the conclusions.

The rules, *supra,* no doubt were applied by the Chan-

cellor below in considering and weighing the evidence before him at the time of entry of the decree reviewed here.

The plaintiff testified "that he bought property for a home and I had the property placed in her name to assist her in case I died first. I had been previously married and due to the fact that I had been engaged in work requiring traveling by automobile, I wanted her to have this home in her name so that there would be nothing between her and my former wife in case of my death. Instead of having a will I had the property in her name so she would not have to go through the courts if something happened to me, and as I was engaged in a more or less hazardous occupation, that is, traveling all the time in automobile, I thought I would be the first to go." In Semple v. Semple, 90 Fla. 7, 105 Sou. Rep. 134, it was said:

"The grantor's intention, with which he executes a deed of conveyance to another, which intention he does not reveal at the time of the conveyance and of which the grantee knows nothing, and the circumstances of the transaction are not of such character that an intention of the parties to create a trust may be presumed, does not create a trust upon the land conveyed. In both an express and resulting trust the element of intention to create a trust must exist between the parties. In one case the intention is expressed, in the other it is implied. A constructive trust arises entirely by operation of law without reference to any actual or supposed intention of creating a trust and often directly contrary to such intention."

The homestead in this instance was not subject to testamentary distribution and the property would probably have been placed in his and wife's names had he consulted an attorney.

In Semple v. Semple, *supra,* it was further said:

"Reduced to their last analysis, the allegations of the bill of complaint are that the complainant, who owned the fee simple title to the land, made a conveyance of it to his wife in order that he and she and their children might have a home. In such a case the intention was that the grantee and her children should enjoy the beneficial interest in the property which is wholly inconsistent with the idea of a resulting trust."

The conveyance was from husband to wife in Semple v. Semple, *supra,* while the title, at the direction of the husband in the case at bar, was made from Frost Construction Company to Mrs. Monica Fairchild Flanagan. The suit at bar is ruled by Semple v. Semple. We have examined the case of Johnston v. Sherehouse, 61 Fla. 647, 54 Sou. Rep. 892, cited and relied upon by counsel for plaintiff and find no conflict with the principle enunciated here. There can be no doubt about the beneficial interest in the home passing to Mrs. Monica Fairchild Flanagan by the conveyance upon the request of the plaintiff.

The effect of the dismissal by the court below gives the fruits of the labor of the plaintiff to a person not related to him. It is a harsh rule and contrary to the will and desire of humanity. On November 3, 1930, the plaintiff had it within his power to control the legal title to his home. He exercised that power which he had a right so to do. This Court cannot correct the error or mistake of this plaintiff. It is our duty to apply and construe the law as we see it, subject to all our human frailties. The decree appealed from is affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.