WILLIAM E. SMITH v. IDA D. SMITH.

196 So. 409
Division A
Opinion Filed May 24, 1940
Rehearing Denied June 14, 1940

160

*O. S. Thacker,* for Appellant;

*Ellis F. Davis* and *George P. Garrett,* for Appellee.

THOMAS, J.—The facts pertinent to the point involved in this controversy can be very briefly stated. The parties have been husband and wife since 1909; each had been married before and each owned property and kept a separate bank account. A score years ago a sixty-acre tract of land, five acres of which were planted in orange trees, was conveyed to the wife in exchange for two parcels of land owned by her and a mortgage evidencing the residue of the purchase price executed by both parties. In the deed the wife was named as grantee. A few years later an abutting tract was also bought and likewise conveyed to the wife. From the time of the original purchase, both parties lived on the property as husband and wife and it was developed by their joint efforts. They separated. The husband then filed a bill in the circuit court praying that he be given a decree declaring that the wife held in trust for him a one-half undivided interest in the land and that she be required to convey him that share.

Nearly all of the relevant testimony introduced by the respective parties is in sharp conflict. The husband maintained that there was an agreement at the time of the first purchase that upon payment of the remainder of the sale price a deed would be executed by the wife transferring to him an interest equal to hers. The wife stoutly asserted

that she first heard of such an agreement after the present suit was instituted.

Inconsistent also are the statements of the witnesses for the litigants with reference to the manner in which the orange grove was cultivated and enlarged during the years and the method of meeting the cost of cultivation and expansion. It is evident that the husband did make some contribution toward the improvement of the citrus grove but to what extent we cannot determine from the record.

After considering all of the testimony, the chancellor came to the conclusion that the husband had failed to substantiate his position, and held that the equities were in favor of the wife. We see no reason to disturb his decision.

Much has been written in the brief of counsel for the husband about resulting and constructive trusts but it is not clear which one was attempted to be established here. The authority on the former kind cited in Sorrels v. McNally, 89 Fla. 457, 105 South. Rep. 106, is referred to by appellant, i. e., 26 R. C. L. 1214. There it was said that such a trust does not arise because of fraud, or from an expression or an agreement of the parties but comes into existence when one person's money is used in the purchase of property which is deeded to another. A vital element is the intention which will be presumed from the facts. Such a trust is more nearly akin to an express trust than is the constructive trust. This presumption of a resulting trust is not available, however, where the property is conveyed to the wife, the transfer being "regarded *prima facie* as an advancement" (26 R. C. L. 1225), but, of course, subject to rebuttal. The husband was not successful in such rebuttal in this case and it is not even claimed that the first payment was made by the husband.

Constructive trusts are related to the doctrine of equitable

estoppel and arise when property has been obtained fraud-ulently, or gotten without fraud and retained inequitably. Quinn v. Phipps, 93 Fla. 805, 113 South. Rep. 419. We do not find in this case any evidence whatever of fraud in the acquisition of the land. The husband was fully informed of the transaction and in fact assisted in negotiating it. As for any inequity in retention of it by the wife the proof is utterly weak and does no more than depict a not unusual situation where the wife becomes the owner of property sharing the use and enjoyment of it with the husband, who, from time to time, contributes labor and money toward its improvement and the enhancement of its value.

The chancellor was correct in holding that there was fail-ure to maintain by proof the existence of any trust in favor of the husband in his wife's property.

It is, therefore, ordered that the decree appealed from be— Affirmed.

TERRELL, C. J., concurs.

BUFORD, J., concurs specially.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as au-thorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J. (concurring specially).—While my sympa-thies are aroused by the picture portrayed by the record of an old man who for more than twenty years has spent prac-tically all his money and applied much of his labor to the acquisition of valuable property in the name of the wife, the fact is that the record falls short of establishing the existence of a trust estate in the wife in the involved property.

The record shows that the initial consideration passing

for the property was the separate property of the wife and that the title was by mutual agreement taken in the name of the wife. That at most there was an agreement between the parties that when the property was fully paid for the wife would deed to the husband an undivided interest in the property; that thereafter both contributed to the payment for, and the improvement of the property. This is not sufficient to establish the status of a trust, however inequitable and unfair the result may appear to be.