### ALLISON O. GILLETTE v. DORIS M. GILLETTE

24 So. (2nd) 363　　　　　　　　　　　　　January Term, 1946
January 15, 1946　　　　　　　　　　　　　　　　Division B

*Nat L. Williams,* for appellant.

*B. E. Hendricks* and *Hendricks & Hendricks,* for appellee.

CHAPMAN, C. J.:

This appeal presents the question of the ownership of a home situated at 1885 Southwest 18th Street, Miami, Florida. The parties married on January 23, 1943; lived together as husband and wife, and separated on March 15, 1944. The plaintiff below (appellant here) alleged that he purchased the property with his own funds, and, for convenience, caused the

legal title to the property to be taken in the name of his then wife, Doris M. Gillette.

The wife in her answer alleged that during their courtship the plaintiff (later her husband) promised that he would provide her a home and that she would be free from financial worries for herself and child by a former marriage; that if she would marry him he would buy her a home and give it to her; that she married the plaintiff and he carried out his promise with reference to the purchase of a home and placed the legal title in her name, stated that it was her property, and on many occasions to other people re-affirmed the statement of the gift of a home to his wife.

In studying the record we are not oblivious to the sharp disputes and conflicts appearing in the testimony, but under a long line of decisions we are helpless to interfere because ample testimony appears therein to sustain or support the conclusion of the Chancellor below as expressed in the final decree.

It is the general view that there is a presumption that a wife takes the beneficial as well as the legal title where property is taken in her name on a consideration from her husband. It rests on the theory that it is the legal duty of a husband to support his wife and hence the presumption of a husband discharging his duty in supporting his wife when the legal title is placed in her name. See Semple v. Semple, 90 Fla. 7, 105 So. 134; Flanagan v. Herrett, 130 Fla. 531, 178 So. 147; Smith v. Smith, 143 Fla. 159, 196 So. 409; 26 Am. Jur. 726, par. 100.

The appellee wife by petition filed here seeks an order awarding her counsel fees by her incurred in defending the suit in this Court, largely upon the theory that she is without funds. She overlooks the fact that she now holds title to a valuable piece of real estate paid for almost exclusively by her divorced husband. Counsel fees to a wife granted under the statute is where the wife is without funds to defend the suit brought by her husband. It is upon this theory that the petition for order allowing counsel fees is denied.

The decree appealed from is affirmed.

BROWN, THOMAS and SEBRING, JJ., concur.