**EUGENE DOMAGE v. ELAINE D. SIMPSON, et vir.**

26 So. (2nd) 340                                   January Term, 1946
May 28, 1946                                            Division B
Rehearing denied June 18, 1946

Fisher & Hamner, and Edwin T. Osteen, for appellant.

C. D. Blackwell, for appellees.

THOMAS, J.:

The appellant sought in the chancery court a decree declaring that his daughter and his son-in-law, appellees, held in trust for him certain real estate and stocks alleged to have been transferred to them (in the case of the stocks) and received by them (in the case of the real estate) for the sake of convenience, all having been purchased by the appellant with his own funds. The defendants claim that the stock, except two issues which they aver the plaintiff never owned, and the real estate were outright gifts.

We have pursued the evidence to determine whether the chancellor properly interpreted it when he dismissed the bill, thus deciding that no trust had been created, but that the appellant had presented the property in question to appellees. As he conceded in his brief, it was the task of the appellant

"to establish a resulting trust [by evidence] . . . so clear, strong, and unequivocal as to remove from the mind of the chancellor every reasonable doubt as to the existence of the trust." Flanagan v. Herrett, 130 Fla. 531, 178 So. 147. From our examination of the whole evidence we have not found that it possessed these qualities. The versions of father and daughter are diametrically opposed; however, his story of the transaction considered alone is not of such convincing character as to meet the test announced in the cited case.

In substance she quoted him as saying the stock would some day be hers and he was therefore giving them to her then that she might learn to care for them under his guidance, she not being familiar with business matters. The real estate, according to evidence which the chancellor was thoroughly justified in believing, was purchased by the father as a home for her and her husband. This wish, that she become familiar with handling investments, was expressed by him in his own testimony, and he stated, too, that he had, before delivery of the stocks to her, executed a will "all in her favor." He maintained on the witness stand, however, that he had transferred the stocks to her because of difficulties he was having at the time with his then wife, a woman he had married shortly after the mother of the appellee-daughter had been killed in an automobile wreck. He intimated that title to the real estate was taken in the daughter's name for the same reason. There is evidence that the second wife was threatening some sort of court action based on a purported abandonment of her by him, and he contended that his daughter was to hold the property until the trouble subsided.

We see no need to prolong this opinion by a discussion of the evidence, and we settle the controversy by repeating the statement that no resulting trust was established by evidence so strong as to remove every reasonable doubt that it existed. Bolstering this deduction, which springs from the weakness of appellant's evidence, is the credible testimony in the record that appellees had a beneficial interest in the property, a circumstance said by us, in Semple v. Semple, 90 Fla. 7, 105 So. 134, to be entirely inconsistent with the theory of resulting trust.

We find no cause to disturb the final decree.

Affirmed.

CHAPMAN, C.J., BROWN and SEBRING, JJ., concur.