## DORIS BIRD ROBINSON BAXTER v. DONALD H. BAXTER

30 So. (2nd) 492                    January Term, 1947
May 16, 1947                        Special Division A

*Wallace E. Davis,* for appellant.

*Edward K. Goethe,* for appellee.

CHAPMAN, J.:

This is an appeal by the wife and a cross-appeal by the husband from a final decree of the Circuit Court of Orange County, Florida, (1) granting the husband a divorce, (2) awarding the custody of the young son to the father, with visitation privileges to the mother, and (3) holding that the title to the home of the parties was vested in the plaintiff and the defendant as tenants in common.

In the state of the record it seems necessary to decide only the last two questions—namely, those involving the propriety of the decree with reference to the custody of the child and the property rights of the parties.

The record discloses that the home was purchased during the month of August, 1944. The wife is shown to have made out of her own funds the initial payment of $500 on the home, when the husband subsequently paid the balance due on the first payment and the title was taken in the name of the husband and wife.

Arguendo, let us concede that the wife, with the consent of the husband, selected the property; that with the approval of her husband she entered into a written agreement for its purchase; that out of her own funds she paid on this property the sum of $500.00, and her husband subsequently paid the balance of the initial payment; that a deed to the property was accepted in the name of husband and wife; that they, with their son and the wife's daughter by a former marriage, went into the possession of the property and made it their home until the time of separation in January, 1946. Counsel for cross appellant insists that from these facts it became the Chancellor's duty under the law to decree the husband the sole owner of the home to the exclusion of the wife, and cites and relies upon our holding in Hargett v. Hargett, 156 Fla. 730, 25 So. (2nd) 305.

We are not unmindful of some disputes and conflicts in the testimony on a position of the details about the purchase of the home. The applicable rule to the conditions and circumstances reflected by this record is, if there is sufficient evidence to sustain the conclusions of the Chancellor on disputed issues of fact, then his ruling will not on appeal be disturbed by this Court. We hold there is sufficient testimony in the record to sustain the findings and conclusions of the Chancellor below as expressed in the challenged portion of the final decree. There is a presumption that a wife takes the beneficial as well as the legal title where property is taken in her name on a consideration from the husband. It rests on the theory that it is the legal duty of the husband to support his wife, hence the presumption of a husband discharging his

lawful duty in supporting his wife when the legal title is placed in her name. The law will not permit him to say, under the facts involved here, that he did not make a gift to her of an interest in the property. Gillette v. Gillette, 156 Fla. 798, 24 So. (2nd) 363; Smith v. Smith, 143 Fla. 159, 196 So. 409.

The final decree (1) awarded the exclusive care, custody and control of Donald H. Baxter, Jr., a three year old boy child born of the marriage, to the former, Donald H. Baxter, until he became twenty-one years of age—with visitation privileges each week to the mother. This award of custody was made applicable and controlling during the period the father remained in the State of Florida. (2) If the father was transferred to the post beyond the limits of the State of Florida, then the visitation privileges granted to the mother under (1) *supra* would end, but the right of the mother to have the child visit her for a period of six weeks during the Summer period of each year would be substituted for provision (1) *supra*. Counsel for cross appellant contends that the provisions of the decree *supra* should be so modified as to eliminate the visitation privileges of the child with the mother, largely upon the theory that the evidence shows the mother to be lacking in moral stability to such an extent that she is not a fit and proper person to guide the child's moral and spiritual welfare, and in support thereof the mother's delinquencies, as reflected by the record, are catalogued.

Our adjudicated cases on this point sustained the view that the best interest and welfare of the child are always the paramount consideration; this best interest recognizes sound spiritual and moral teachings; likewise a wholesome moral atmosphere, with suitable educational facilities. It cannot be said, after a careful study of the whole record, that the assignment has merit. It is well established that this and other courts of Florida, under the law, are charged with the duty and obligation at all times to make and enter such orders and decrees affecting the custody of minor children as will promote their best interest and general welfare.

Affirmed.

THOMAS, C. J., TERRELL, J., and CHILLINGWORTH, Associate Justice, concur.