SMITH, Chief Judge.
This is an appeal from an order construing a portion of the Last Will and Testament of Angelyn H. Serrill, deceased. The will was set out in four paragraphs. By paragraph 1, the testatrix left her residence and all of the household furnishings therein to a stepdaughter. Paragraph 2, the disputed portion of the will, provides as follows:
“I give and bequeath the sum of four thousand dollars to a Home for Boys and the sum of four thousand dollars to a Home for Crippled Children, said Homes to be selected and designated by the executors of my estate.”
Paragraph 3 contains a bequest of the residue of the estate to twelve named beneficiaries, one-twelfth to each. By paragraph 4, the testatrix named Robert F. Livingston and John R. Woolford as executors of the will and estate.
The will was duly admitted to probate in the County Judge’s Court of Orange County. Robert F. Livingston had died, and John R. Woolford was found to be ineligible to serve as executor. Thereupon the court granted Letters of Administration c. t. a. to Charles J. Collins, Jr. The court entered orders pertaining primarily to determination of beneficiaries and partial distribution of residuary assets, but expressly withheld determination of whether anything was to pass under paragraph 2 of the will until the interests of the “unknown charities” were represented. Thereafter, the court appointed Harlan Tuck as “guardian ad litem to represent and protect the unknown charities described in paragraph 2 of the Last Will and Testament * * * and to represent said charities at a subsequent hearing before this Court on the *248 question of the validity and status of the charitable bequests in said paragraph 2 * * * >>
Subsequently, Harlan Tuck, in his capacity as guardian ad litem, petitioned the court for a construction of paragraph 2 of the will. The petition alleged that paragraph 2 imposes a duty upon the executors of the estate, by virtue of their office, to select and designate the charities described therein, and that Collins, as administrator c. t. a. for the estate, is therefore empowered and authorized to exercise the said duties imposed upon the named executors. In the alternative, it was alleged that John R. Woolford could select and designate the charities regardless of his ineligibility to serve as executor.
The residuary beneficiaries filed their answer to Tuck’s petition, asserting that the power granted in the will to the executors was a personal power which could not be exercised by a substitute or successor; that therefore the bequests to the charities have failed; and that the sums of money therein provided should pass to the residuum.
After hearing argument of counsel for the, respective parties, the court entered the order appealed, the material portions of which are as follows:
“ * * * (T)he intent of the testatrix as expressed in the will is that the power of selection of the unknown charities is attached to the office of the executors of the estate;, that the said power is not personal to the persons named in said will as executors; and that Charles J. Collins, Jr., as administrator c. t. a. of the above styled estate, is empowered and has authority to select and designate the unknown charities described in paragraph Two of said will, by virtue of his office.”
Eight of the twelve residuary* beneficiaries appeal from the foregoing order. We affirm.
The appellants first Contend that the lower court was without authority to compel the execution of the unexecuted power granted in the will. There is no merit in this contention. The lower court’s order does not compel the administrator c. t. a. to select and designate the “Home for Boys” and the “Home for Crippled Children”; said order merely determines that the administrator c. t. a. has the power and authority to make such selection and designation.
The primary point argued by the appellants is that a “power of appointment” may not be exercised by an administrator c. t. a. where the will provided that such power was to be exercised by the executors. At the outset, it is noted that the appellants have used the term “power of appointment” to define the power granted to the executors by the decedent’s will; and the authorities relied upon by the appellants are for the most part cases involving powers of appointment. We are not here dealing with a power of appointment as that term is ordinarily used; the power granted to the executors in this will was a power to select and designate charities. The Restatement of the Law of Property makes the distinction clear by broadly defining a power of appointment and then expressly excluding from such definition the “power to designate charities.” 3 Rest, of Property, § 318. In their comment on the cited section, the authors make the following statements:
“The term power of appointment could, conceivably, be defined in such a way that it comprised all powers permitting the donee to determine the objects of the donor’s bounty; and if this were done, the power of revocation, the power to cause a gift of income to be augmented out of principal, the power to designate charities, the charitable trust, the discretionary trust and the honorary trust would be included. But so broad a definition would substantially conflict with the common usage of the profession. The narrower definition adopted in this .Section accords with that usage and includes the great bulk *249 -of cases in which the characteristic problems of this subject arise.” (Emphasis added.)
On the broad subject of powers it has been stated that where a power is conferred on a person or persons by name, it is ordinarily personal, and may be exercised only by the donee or donees named; but where such power is given to a designated person or persons merely virtute officii, it is not personal, and may be exercised by the person or persons holding the office at the time for its exercise. 72 C.J.S. Powers § 35. On the more specific subject of power to designate charities, it has been said:
“Where the power of selection of the beneficiaries is granted to the office rather than to individuals selected by a testator as his executors, the power may be carried out by anyone who acts as executor.” 10 Am.Jur., Charities, § 31.
The testatrix here evinced a general -charitable intent. It is clear that Mrs. Ser-rill intended that a Home for Boys and a Home for Crippled Children should each receive the sum of $4,000 from her estate. The testatrix provided in paragraph 2 of Tier will that the particular “Home for Boys” and the particular “Home for Crippled Children” were to be selected and -designated by the executors of her estate. In a subsequent paragraph of her will, the testatrix nominated John R. Woolford and Robert F. Livingston as executors of her estate. There is nothing in the will to indicate that the testatrix intended that only the two persons named should make the •selection and designation of the particular Plomes to benefit from the will. We agree with the lower court’s conclusion that the power to select and designate the charities ■attaches to the office of executor and not to the persons who were named to fill that office. See generally 3 Page on Wills, § 1232.
The remaining questions presented by the appellants were not presented to the lower court. We therefore decline to consider them. 2 Fla.Jur., Appeals, § 290.
The guardian ad litem has petitioned this Court for an allowance of attorney’s fees on this appeal. We are of the view that such a guardian should present this matter to the probate court as one of the items to be considered by that court on the guardian’s petition for compensation, attorney’s fees and expenses in the same manner as these items are allowed to other guardians pursuant to §§ 745.32 and 745.33, Florida Statutes, F.S.A.
Affirmed.
SHANNON, J„ and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.