PER CURIAM.
By this appeal, the appellant seeks review of an order of the Juvenile and Domestic Relations Court awarding custody of the three minor children to the appellee-father. Apparently there was no reporter present to transcribe the hearing before the trial court, but we are favored with a stipulation entered into by counsel, and approved by the trial judge as to the evidence before him at the time of the entry of his order.
The appellant urges three points as error in the rendition of the custody order, to wit: (1) That the evidence was insufficient to sustain the ruling. (2) That the court erred in considering the report of the court investigator. (3) That the court erred in failing to render a finding as to the fitness or unfitness of the parents.
We find the appellant’s contentions to be without merit. As to the first contention, there is ample evidence to sustain the ruling of the trial judge. See: In Re Wilson’s Estate, Fla.App.1959, 116 So.2d 440; First National Bank and Trust Co. of Eustis v. Boyd, Fla.App.1960, 124 So.2d 27. As to the second contention, no valid preservation of error has been made to appear from the record as to the report of the investigator, and no assignment of error was made as to this point. Therefore, the matter is not appropriately before the court. See: Fisher v. Maas Brothers, Inc., Fla.App.1963, 149 So.2d 910; In Re Serrill’s Estate, Fla.App.1964, 159 So.2d 246; 2 Fla.Jur., Appeals, §§ 66, 117, 290. As to the third and final contention, we have not been presented with any authority which requires a juvenile judge or a chancellor, in rendering a custody order, to make specific find *487 ing of fact as to the fitness or unfitness of the parents. The trial judge indicated that his order was based on the best interests of the children, which is the prime concern in a cause of this nature. See: Baxter v. Baxter, 158 Fla. 886, 30 So.2d 492; Bennett v. Bennett, Fla.App.1962, 146 So.2d 588.
Therefore, for the reasons stated, the custody order here under review is hereby affirmed.
Affirmed.