HOBSON, Judge.
Both husband and wife appeal portions of the final order dissolving their marriage and providing for alimony, property division and attorney fees. Appellant wife contends, inter alia, that the trial court erred in awarding a diamond ring to the husband. Arguments from both parties concerning alimony, attorney fees and savings account proceeds are without merit; however, we agree with the wife that the' trial court erred in failing to award her the ring.
At the final hearing, the wife testified that the ring originally belonged to her husband’s mother. After the mother’s death, husband and wife were going through the personal effects and found a watch and ring. Husband asked the wife which one she would prefer and she chose the ring. Husband had the ring reset and *942 presented it to his wife, gift wrapped with a card, on Christmas Day. The wife further stated that there was no mention that the ring was hers “on loan.”
Husband testified that the ring in question came to him from his mother’s estate and he had always intended that it should eventually be given to his daughter by a prior marriage. He claimed that his wife understood that the ring was not hers permanently but only until he decided to give to to his daughter. The wife denied any understanding to this effect.
“The essential elements of a gift between husband and wife are delivery, actual or constructive, intent of the donor to divest himself of all dominion and control, and acceptance by the donee . . .”
Fuller v. Fuller, 215 So.2d 507 (Fla. 4th DCA 1968) at 510. In the instant case there is no dispute as to the delivery and acceptance of the ring in question. As to the donor’s intent, we are of the opinion that when the husband went to the expense of having the ring reset to his wife’s size and then presented it to her, wrapped as a gift with a card on Christmas Day, he obviously intended the ring to be a gift.
The final order is affirmed in part, reversed in part and remanded to the trial court for entry of an order awarding the wife exclusive possession of the ring.
We further grant the wife’s request for attorney fees on appeal, the amount to be set by the trial court.
GRIMES, C. J., and SCHEB, J., concur.