PER CURIAM.
Appellants appeal a final judgment that found that they are not the beneficiaries of a resulting trust in a home they helped a deceased son purchase, that they are not entitled to possession of a portrait of a grandchild and that they must deed title to cemetery plots to their daughter-in-law, the wife of the dead son. The daughter-in-law cross-appeals the final judgment which held that she is not entitled to return of $15,000 she gave her husband’s father, that she owes the appellants $15,000 and also an order granting appellants visitation with their granddaughter twice a week.
Marlene Espinet Picallo is the widow of Mario Luis Picallo. Mario Luis Picallo was Mario and Ena Picallo’s son. Marlene Es-pinet and Mario Luis had one child, a daughter.
Mario Luis had purchased a home. Some of the down payment was provided to the son by his father, and all the parties occupied the home.
Mario and Ena asked a relative of theirs to paint a portrait of their granddaughter. This picture was exhibited for a while in a gallery and then delivered to Mario and Ena. After a few weeks passed, Ena told Marlene Espinet Picallo that she had a surprise for her and showed her the picture. The picture hung in Marlene’s part of the house until she moved out and removed it.
When Mario Luis was dying, his father offered to arrange for the burial plot. Mario asked Marlene for $5,000 for this expense. Mario had purchased four plots— one for himself, one for his wife, one for Mario Luis and one for Marlene. All four plots were in Mario Sr.’s name.
After Mario Luis died, Marlene received $85,000 from insurance. She gave $15,000 of this to Mario; ostensibly in trust for the minor daughter.
Mario and Ena sought the imposition of a resulting trust on the house, return of the portrait and visitation rights with their grandchild. They were granted visitation twice a week. The court held there was no resulting trust in the house but Marlene owed Mario and Ena $15,000 to be paid in five years or when the house is sold, whichever comes first. Return of the portrait was denied. Marlene sought return of the $15,000 she gave Mario and title to the cemetery plots. The trial court held she was not entitled to the return of the money, but was entitled to the plots.
We affirm all the findings and adjudications of the trial court complained of by the appellants. Williams v. Grogan, 100 So.2d 407 (Fla.1958); Sihler v. Sihler, 376 So.2d 941 (Fla. 2d DCA 1979); Green v. Green, 314 So.2d 801 (Fla. 3d DCA 1975); Genter v. Genter, 270 So.2d 388 (Fla. 3d DCA 1972); 3 Fla.Jur.2d, Appellate Review § 277.
On the cross-appeal we find error in the requirement of the return of the $15,000 advanced to the son toward the purchase of the house and the denial of the return of the $15,000 delivered to the appellants by the appellee from insurance proceeds. As to the first, there was a finding of no right to a resulting trust in the house, therefore there was no basis for the award, as no debt was created or recognized by the daughter-in-law. D’Uva v. D’Uva, 74 So.2d 889 (Fla.1954); Domage v. Simpson, 157 Fla. 468, 26 So.2d 340 (1946); Dames v. Dames, 149 So.2d 570 (Fla. 3d DCA 1963). As to the second, there was no consideration for transfer of the $15,000 out of the insurance proceeds, it was not a gift, plus it was obtained from the appellee at a time of great distress because of the death of her husband. In Re Estate of Carpenter, 253 So.2d 697 (Fla.1971); Atlantic First National Bank of Daytona Beach v. Cripe, 389 So.2d 224 (Fla. 5th DCA 1980); Majorana v. Constantine, 318 So.2d 185 (Fla. 2d DCA 1975). The other error urged on the cross-appeal is found to be without merit. Dinkel v. Dinkel, 322 *192 So.2d 22 (Fla.1975); Putnal v. Putnal, 392 So.2d 613 (Fla. 5th DCA 1981); Fisher v. Fisher, 390 So.2d 142 (Fla. 3d DCA 1980), Section 68.08 Fla.Stat. (1981). Therefore, the final judgment under review is modified by striking paragraph 4 therefrom. Paragraph 7 is reversed with directions to enter a judgment for $15,000 in favor of the appellee and against appellant Mario Picallo. The other portions of the final judgment are affirmed.
Affirmed in part, modified in part and reversed in part, with directions.