# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1885.

I. H. CARUTHERS, APPELLANT, VS. R. W. WILLIAMS, APPELLEE.

Caruthers applied to Williams for a loan of money to purchase eighty acres of land, agreeing to pay him interest on the amount borrowed at the rate of twenty-five per centum per annum, and to have the deed to the land made to Williams as security for the payment of the loan. Williams paid the purchase money, taking a deed to himself for the land, and agreed to convey the same to Caruthers whenever Caruthers repaid him the purchase money and interest at the rate agreed. Caruthers offered to pay Williams the purchase money and interest, but Williams refused to receive the money or to convey the land to him: *Held*, 1st. That by the transaction between Caruthers and Williams, the latter became the creditor of Caruthers and held the land as trustee of a resulting trust in favor of Caruthers and as security for the money advanced and interest. 2d. Such a transaction made at or before the purchase of the land is not objectionable on the ground of being within the statute of frauds, (McClellan's Dig., p. 214, Sec. 2,) for the reason that it is a "trust arising or resulting from the implication or construction of law."

Appeal from the Circuit Court for Hernando county.

This bill was filed by Iverson H. Caruthers against the defendant, Robert W. Williams, and alleges that about the first of February, A. D. 1883, that he discovered that a certain piece of land in said county, to wit: the east half

of the southwest quarter of section twenty-four, township twenty-one, range twenty, south and east, containing eighty acres belonging to the "Florida Land and Improvement Company," could be purchased for one dollar and a quarter per acre. That there had formerly been some improvements on a part of the tract made by a man named Mayo, and that it was generally believed that Mayo had entered the land; that on finding out the fact that it was not Mayo's land, he went to the office of the Florida Land and Improvement Company, and made an agreement with the agent of said company to buy the land for one hundred dollars, the money therefor to be paid on the 7th of February, 1883; that failing to get the money from the source that he expected, he applied to the defendant, Williams. He told Williams about the land and his agreement with the agent of the Florida Land and Improvement Company, and asked him to loan him the money to buy it; that he, Williams, might take the titles in his own name as a security for the reimbursement of the money, and that he would pay him interest on it at the rate of twenty-five per cent. That said Williams agreed to loan him the money as requested on the terms mentioned; that they went together to the office aforesaid and bought the land in accordance with their agreement; that Williams, before and at the time of purchasing the land, agreed to make him a deed to the same at any time when he should repay him the said sum of one hundred dollars with twenty-five per cent. interest. That on the Sunday following said purchase, he told Williams he would be ready on the following day to repay him the money loaned, and would do so then but for its being Sunday; that Williams refused to let him have the land on such terms; that taking the advice of an attorney he some time in the month of March next following tendered Williams one hundred and three

dollars.   The evidence shows that the money was tendered
on the 24th of March.    Defendant refused the money
tendered, and complainant on the 6th of April following filed
his bill.   The prayer of the bill is that it may be ordered and
decreed that said defendant holds said land in trust for the
complainant.

*John A. Henderson* and *T. L. Clarke* for Appellant.

*J. T. Bernard* and *D. Turnbull* for Appellee.

We contend that the bill of complaint should have been
dismissed for the following reasons :

1st. The alleged contract was of a fiduciary nature, and
should have been in writing.

2d. The contract as set forth in the bill was not such a
contract as was proved by the testimony.

3d. The denial of the defendant of the allegation in the
bill, was not controverted by more than one witness.

I. The alleged contract between appellant and appellee
was a fiduciary one and a resultant trust ensued.   What is
resultant trust ?   It is that which accrues from the *acts*
and not from the *agreements* of parties or rather from the
acts accompanied by *agreements*, and no trust can be set up
by mere parol agreement.   Perry on Trust, Vol 1, §§134-5.
This is in accordance with the Statute of Frauds, *vide* Mc-
Clellan, page 208, sec. 1.   Nor is there any relief in equity.
A court of equity will only enforce a specific performance
of a contract not in writing, and within the statute where
it is fully set forth in the bill, *and is confessed by the answer
of defendant.*   Story's Eq. Ju., sec. 755.   In this case the
defendant in answer denies emphatically the allegation in
bill that there was any such contract.   If he had admit-
ted that there was such a contract, then the agreement, orig-
inally by parol, would in part be evidenced by such admis-

sion, which would be a complete compliance with the terms of the statute. All agreements, in order to be executed by a court of equity, must be proved in such manner as the law requires. Agreements relating to land must be proved in such manner as the law requires, to be valid. They must be in writing and signed by the party. Equity has always refused to enforce the performance of such agreements, unless proved by written evidence. Wait's Actions and Def. V., pages 790-1. If the party claiming the resulting trust has paid no money he cannot show by parol evidence that the purchase by absolute deed and for a valuable consideration was made for his benefit. Mathews vs. Porter, 16 Fla., 490. And in the above case the defendant consented to loan the whole of the money. There was nothing to bind him, and a simple consent in conversation to loan, does not constitute a loan in fact. Ibid, 484. And again the plaintiff to answee an allegation which he makes, thereby admits the answer to be evidence. In such case if the defendant in express terms negatives the allegation in the bill, and is supported by the evidence of only a single witness, affirming what he has so denied, the court will neither make a decree nor send the case to be tried at law, but will simply dismiss the bill. Ibid, 479. Even if the contract is corroborated by admission made in conversation with third parties, specific performance will not be decreed. Wilmer vs. Farris, 40 Iowa, 309.

II. The contract set forth in the bill was not such a contract as appears was made from testimony of the complainant. Complainant alleges in his bill that defendant was to advance the purchase money, and he, complainant, was to pay the amount so advanced with interest at the rate of 25 per cent. per year. In his testimony he says he was to give him the principal and 25 per cent. interest *and one acre of land*. In all cases for specific performance the contract

must be accurately stated in the bill, and the proof must *in every essential particular* correspond with the terms of contract thus set up. It must be clear and explicit, leaving no room for reasonable doubt. Wait's Actions and Def. V., 824; 40 Iowa, 309. The evidence itself is contradictory. Complainant in his testimony says that defendant having paid the agent of the land company $50, said agent agreed to wait on complainant for balance of the money. And yet in answer to cross interrogatory, he says credit for balance of purchase money was given by said agent to the defendant. A parol agreement of sale will not be enforced when the evidence is contradictory. Wait's Act. & Def. V., 778.

III. The denial of the defendant to the allegations of the bill was not controverted by more than one witness. It has been repeatedly decided that when parties proceed to a hearing, all the allegations of the answer which are responsive to the bill shall be taken as true unless they are disproved by evidence of a greater weight than the testimony of a single witness. Carr vs. Thomas, 18 Fla., —, citing Dan. Ch. Pl. & Pr., 843; 5 Fla., 748 and 528–9; 10 Fla., 9. The defendant utterly denies the allegations of the bill as to any contract for purchase and sale, and not one witness is found to refute that denial, save one, whose testimony is vague and uncertain. With regard to the 4th ground of error that the decree dismissing the bill is rendered in favor of "Robert Williams Wilson" instead of "Robert Wilson Williams," the record shows for itself, and the mistake is cured by the appellant's appeal.

The Chief Justice delivered the opinion of the court:

In the case of Matthews vs. Porter, 16 Fla., 466, it was decided by this court that in cases of this nature where the

deed shows the consideration to have been paid by one person, that the evidence going to show that the money paid was really the property of another must be clear and convincing in order to establish a resulting trust. If Williams advanced to Caruthers the money required for purchasing the land, under an agreement with him to hold the title as a security merely for the money advanced, and to convey the land to Caruthers upon receiving the loaned money and the interest due thereon, then Williams was a creditor of Caruthers from the 7th of February for the amount of the purchase money paid by Williams for Caruthers, and the deed to Williams from the Florida Land and Improvement Company is in equity a mortgage from Caruthers to Williams. We think the evidence clearly and satisfactorily shows that such was the agreement between the parties. That Williams did not keep faith with the complainant is plainly shown. He holds title as the trustee of Caruthers and as security to reimburse him for the money loaned to Caruthers.

It is objected on the part of appellee and this objection seems to have been sustained by the Chancellor that such an agreement as the one in this record comes within the Statute of Fraud. In J. & H. Byrd vs. McLean & Wife, 1 Johnson Chancery Reports, 582, Chancellor Kent says: " The ground on which the claim of the plaintiff rests is, that the $1,500 which were paid to Thomas Colden in 1807, as the consideration for the purchase of the premises, were the moneys of the plaintiffs procured from the defendant as a loan and that the defendant took the deed in his own name by agreement and becomes thereby a trustee for the complainants, and that such a resulting trust being a trust arising ' by implication or construction of law ' is expressly excepted from the operation of the Statute of Frauds, and may be proved by parol." Our Statute of

Frauds has the same express exception. McClellan's Digest, p. 214, sec. 2. On this state of facts, which are precisely similar to the case at bar, Chancellor Kent, after a review of all the preceding authorities, decides that it was a trust resulting from the implication or construction of law and not within the Statute of Frauds, and that such a trust could be proved by parol proof. See 16 Fla., 466; Ward *et al.* vs. Spirey, 18 Fla., 847.

The bill alleges that the transaction occurred on the 7th February, 1883. That the money was borrowed at twenty-five per cent. interest. The bill alleges that one hundred and three dollars was tendered defendant some time in March. The evidence shows that it was the 24th day of March. A calculation will show that it was not the full amount due for principal and interest stipulated for, to wit, twenty-five per cent.

Even if it had been the full amount the complainant owed to defendant it would not avail the complainant as a tender, inasmuch as the bill fails to allege that the complainant always kept the money ready to pay to defendant on demand and complainant has not paid same into court at the time of filing his bill. Matthews vs. Lindsay, 20 Fla., 962.

The decree of the Circuit Court is reversed and the cause is remanded with instructions to the court, or to the Judge of said court in vacation, to appoint a master to take and settle an account between complainant, J. H. Caruthers, and R. W. Williams, in which account he shall charge said Caruthers with one hundred dollars and interest thereon at twenty-five per centum per annum from the 7th day of February, A. D. 1883, to the date of said settlement. That upon payment by Caruthers to the master of the sum found to be due from Caruthers to said Williams within 90 days after notice to said Caruthers of the finding of said

master, and interest at twenty-five per centum on the original indebtedness of one hundred dollars from the time of stating the account by the master to the time of making the deed hereinafter mentioned, said master shall cause the said R. W. Williams to come before him and shall prepare and cause the said Wiliiams to execute a quit claim deed to the east half of the southwest quarter of section twenty-four, township twenty-one, range twenty, south and east, to the said Iverson H. Caruthers, and that the said R. W. Williams shall at the time of making the deed aforesaid deliver to said master, to be by him delivered to Caruthers, any and all evidences of title received by him, the said Williams, trom the Florida Land and Improvement Company, and further that said Williams shall pay all the costs of the Circuit Court and of this court and the costs of reference herein ordered, except the cost of drafting and executing the quit claim deed aforesaid.