ADAM D. JOHNSTON, *Appellant,* v. ALLEN L. SHEREHOUSE, *et al., Appellees.*

1.  A resulting trust in real estate may be proven by parol, but such proof must be full, clear and convincing.

2.  Any presumption of fact arising from the taking by the husband of a deed of conveyance made to his wife instead of to himself may be rebutted by testimony showing the real intent.

3.  Where the testimony clearly shows a resulting trust, it should be enforced in equity.

This case was decided by Division A.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*F. M. Simonton* and *E. B. Drumright,* for Appellant;

*H. S. Hampton* and *Dozier A. DeVane,* for Appellees.

WHITFIELD, C. J.—Allen Sherehouse and Sol Sherehouse, a minor, by his next friend, filed a bill of complaint in the Circuit Court for Hillsborough County against Adam D. Johnston, Eva P. Johnston, a minor, and J. H. Pratt. In effect it is alleged that Mary E. Johnston, the deceased wife of Adam D. Johnston, was the mother of Allen and Sol Sherehouse and Eva P. Johnston; that prior to the marriage of Mary E. to Adam D. Johnston she was the wife of George Sherehouse, the father of Adam and Sol; that Mary E. Sherehouse after being divorced from George Sherehouse owned and conducted a laundry in Tampa, and also owned a few cows and conducted a small dairy; that she married Adam D. Johnston, a laborer in her laundry and Eva P. Johnston is the only child of said marriage; that Mary E. Johnston died intestate seized in fee simple of a described lot of land at Tampa; that Allen L. Sherehouse, Sol Sherehouse, Eva P. Johnston and Adam Johnston are the heirs of Mary E. Johnston, each entitled to one-fourth interest in the property; that on December 17, 1904, Adam D. Johnston brought a bill in equity to have Mary E. Johnston then deceased declared a trustee for himself to said prop-

erty, but the said minor heirs of Mary E. Johnston were not served with process in the cause in the presence of their guardian, and that therefore the decree declaring Mary E. Johnston to have been a trustee is void; that at the time of the marriage of Adam D. Johnston and Mary E. Sherehouse he had no property and that all property acquired by them was with money furnished by the wife, and that the purchase money of land above mentioned was furnished by the wife and was her separate property; that at the time the bill was filed to declare a trust in the land in favor of Adam D. Johnston, Allen and Sol Sherehouse and Eva D. Johnston were minors and the decree declaring the trust is void as to them because they were not properly served with process; that in 1906, Adam D. Johnston gave a mortgage on the property to J. H. Pratt. The prayer was that Adam D. Johnston be decreed to be a trustee as to the land and for an accounting. Answers under oath were waived.

The bill was subsequently amended to include partition. J. H. Pratt answered in effect that his mortgage lien was acquired on the faith of the decree adjudging Adam D. Johnston to be the owner of the land and that he had no notice of the claims of the others.

A demurrer of Adam D. Johnston to the bill of complaint was overruled. In an answer Adam D. Johnston admits that the title to the land was taken in the name of his wife, but denies that she furnished any part of the consideration therefor, and avers that the entire consideration was paid out of his own funds; denies that when he married Mary E. Sherehouse, she owned the laundry and avers that it belonged to him; that his wife had no property and that when he bought the land the deed was made to his wife as a matter of convenience to the husband who had no intention to make the same an advance-

ment or provision for the wife; that he intended the property for himself and erected a house thereon and continued to use, control and pay taxes on the same till the present time. Adam D. Johnston also filed a cross bill in substance alleging his purchase of the land with his own funds and the taking of title in the name of his wife, for his convenience and without any intention to make her the beneficial owner thereof and prayed that the said three children and heirs of Mary D. Johnston be decreed to hold the property in trust for Adam D. Johnston.

Answers to the cross bill were filed by Allen L. Sherehouse and by the guardian *ad litem* for the infants Sol Sherehouse and Eva P. Johnston.

Testimony was taken and the court decreed the beneficial ownership of the land to be in the three children and the husband as the heirs of Mary E. Johnston, and also decreed partition in equal shares among them. Adam D. Johnston appealed.

A resulting trust in real estate may be proven by parol, but such proof must be full, clear and convincing. Lofton v. Sterrett, 23 Fla. 565, 2 South. Rep. 837; Geter v. Simmons, 57 Fla. 423, 49 South. Rep. 131. Any presumption of fact arising from the taking by the husband of a deed of conveyance made to his wife instead of to himself may be rebutted by testimony showing the real intent.

The testimony is somewhat conflicting, but taken as an entirety, it distinctly preponderates in favor of the appellant. There is ample legal evidence showing clearly and with convincing force that Adam D. Johnston furnished the consideration for the conveyance of the land taken by him in the name of his wife, and that he did not intend it to be a gift or provision for his wife, but that he had the title taken in her name for his convenience for the purpose of his family use. The evidence tending to show

that the wife had funds before she married Johnston and that she made or at least saved more and furnished it to the husband, is unsatisfactory and is not supported by the evidence as a whole. Certainly it does not appear that the consideration for the conveyance was furnished by the wife. But there is positive legal testimony that the husband paid the consideration from his own funds, and the evidence as a whole supports this contention.

The wife may have had property when she married Johnston and she may have accumulated other property during the several years they were married, but it does not appear that the money paid for the land was directly or indirectly furnished by the wife. She may have aided him in accumulating property, but it is not shown that her property was the basis of the purchase price of the land in controversy upon which the family home was built.

The allegations of the cross bill are sustained and a trust in favor of Adam D. Johnston should have been decreed. This disposes of the case.

The decree is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.