178 So. 825

## GARRETT v. STATE.

### 7 Div. 301.

Court of Appeals of Alabama.
Feb. 1, 1938.

Reed & Reed, of Centre, for appellant.

. A. A. Carmichael, Atty. Gen., and Wm.
H. Loeb, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment found against the appellant is as follows: "The Grand Jury of said, County charge that before the finding of this indictment John H. Garrett, alias, J. H. Garrett, whose name to the Grand Jury is otherwise unknown than as stated, being a member of the Court of County Commissioners or Board of Revenue of Cherokee County, Alabama, did unlawful-

ly sell to Cherokee County, Alabama, goods or supplies as follows; to-wit: six sacks of flour, twelve pounds of coffee, eight pounds of lard, and one hundred pounds of sugar, against the peace and dignity of the State of Alabama."

To this indictment defendant interposed demurrer to the effect that the indictment stated no offense, that it did not appear that the defendant sold the goods, that it did not appear that the goods were sold under a contract or that the price of the goods alleged to have been sold is excessive, that no want of good faith or of any fraud or unfair dealings attended the alleged sale of such goods and that the statute upon which the indictment was based was unconstitutional as being in restraint of trade, in that it rendered an otherwise legitimate business criminal without reason or cause therefor, and for the further reason that no binding contract was made to appear from the indictment and that it failed to show a contract entered into in accordance with the authority by which the county could make a contract, and, further, that the goods were sold to some person other than the county and that the county did not make the purchase of the goods as alleged.

The section of the Code under which this indictment is drawn is section 5024 of the Code of 1923, as amended by the act of Legislature approved March 2, 1937, Gen. Acts 1936–37, Sp.Sess., p. 225, which provides: "Any judge of probate, tax collector, tax assessor, sheriff, clerk of the circuit court, solicitor, or county treasurer, members of the court of county commissioners or board of revenue, or any other state or county officer who takes any contract, for work or services of the county, or is employed in any way under such contract, or is interested in any contract for hire of county convicts, *or sells any goods or supplies to the county* [Italics ours], or is in any wise pecuniarily interested in any such contract or sale, as principal or agent, must, on conviction, be fined not less than fifty nor more than one thousand dollars, and may be imprisoned in the county jail, or sentenced to hard labor for the County for not exceeding twelve months."

There are certain exceptions to the foregoing not applicable in this case.

■ The foregoing provision clearly defines the offense of selling goods or supplies to the county by a member of the board of county commissioners. It charges the offense substantially in the words of the statute, and under all of the decisions is sufficient as against the grounds of demurrer interposed.

■ As one ground of the demurrer it is urged that the act is unconstitutional, in that it is in restraint of trade. We are not impressed with this contention. On the contrary, it seems to us that the statute, as has been enacted by the Legislature, is for the protection of the general public and for the State as against the acts of its elected officers who might be tempted to engage in contracting with the government under conditions that would lead to serious consequences. We might observe that the statute, instead of being in restraint of trade, could be more properly described as being in restraint of fraud or unfair practice. The wisdom of its enactment has never been questioned, although it has been the law of the State for more than half a century.

■ The specific charge in this case is that the defendant, being a member of the court of county commissioners or board of revenue, sold goods to the County. The evidence shows, without conflict, that the goods were sold by the mercantile firm of which defendant was a member; that the actual transaction was made in the name of defendant's clerk; that the bill for the goods was filed with the court of county commissioners in the name of this clerk and approved by this defendant, as a member of the board, whose duty it was to audit the account and order it paid from the county treasury. This would indicate an effort on the part of the defendant to evade the very statute which is now being invoked in this case. It is a maxim of the law that evasions and subterfuges are not to be tolerated.

■ There is no merit in the contention that the goods were not sold to the county, when, in fact, they were sold to the custodian of the almshouse to be used for feeding the inmates thereof; under authority of General Acts, 1927, p. 521, which provides: "The Court of County Commissioners, or Board of Revenue, or other governing body of each county shall have jurisdiction and power necessary and proper for the relief and support of the poor of its county, and it shall have the control of the houses for the poor, and may employ a suitable person to take charge of same."

■ It may be, as suggested, that transactions of this kind are common through-

out the State. If so, they should be stopped. And this constitutes no excuse for a continued violation of a statute designed to protect the State and counties from transactions of the character testified to in this case.

There is no error in the record, and the judgment is affirmed.

Affirmed.