BERNICE CROUCH v. G. WEBSTER POOLE.

182 So. 844.
Opinion Filed July 16, 1938.
Rehearing Denied August 2, 1938.

*Ralph C. Binford* and *Joseph L. Wolf*, for Appellant.

*Donald C. McMullen* and *Neil C. McMullen,* for Appellee.

CHAPMAN, J.—This case is here on an appeal from a final decree in favor of the plaintiff below, dated May 24, 1937, entered by a Judge of the Circuit Court of Hillsborough County, Florida. On April 29, 1937, plaintiff filed her bill of complaint in the court below for the purpose of obtaining a decree declaring a resulting trust in and to certain properties therein described. The answer of the defendant denied the material allegations of the bill of complaint, as a defense contended that the properties described in the bill of complaint were the properties of the defendant acquired by purchase from her own labor. The answer contained a motion to dismiss the bill of complaint on the grounds: (a) the bill of complaint failed to allege grounds for equitable relief; (b) the bill of complaint failed to allege the existence of a trust relationship between the plaintiff and the defendant.

The answer was filed on May 5, 1937, and Honorable L. L. Parks, Circuit Judge, on May 7, 1937, heard the evi-

dence of the respective parties, and on the completion of the taking of all testimony on May 24, 1937, entered a final decree to the effect that certain properties described therein were held by the defendant, Bernice Crouch, in trust for the plaintiff, G. Webster Poole, and enjoined the said Bernice Crouch from disposing of any of the said properties or collecting any of the principal of the indebtedness on the securities, or the collection of any house rent on properties therein described. From this final decree defendant below has perfected her appeal and has assigned in this Court some thirty assignments of error, predicated largely upon the final decree. It seems that all the assignments can be considered under the principal question, viz.: From all the evidence adduced and the law applicable thereto, was the lower court authorized to make and enter the final decree in this cause?

In the case of Fisher v. Grady, 131 Fla. 1, 178 So 852, this Court had before it a question of a resulting trust similar to the case at bar, and in treating the subject said:

"The rule for determining the weight and sufficiency of the evidence in establishing a resulting trust has been settled in this court for approximately 50 years. In the case of Loftin v. Sterrett, 23 Fla. 565, 2 So. 837, it was held that a resulting trust in real estate may be proved by parol testimony, but such proof may be full and clear. Likewise in the case of Geter v. Simmons, 57 Fla. 423, 49 So. 133, it was said:

" 'Evidence to establish a resulting trust must be so clear, strong, and unequivocal as to remove from the mind of the chancellor every reasonable doubt as to the existence of the trust.'

"Also in the case of Brown, et al., v. Brown, 106 Fla. 423, text page 426, 143 So. 737, 738, this court said:

" 'When a resulting trust is sought to be established by parol evidence, the burden rests upon the person asserting the existence of the trust to remove every reasonable doubt as to its existence by clear, strong, and unequivocal evidence. Fox v. Kimball, 92 Fla. 401, 109 So. 465; McGill v. Chappelle, 71 Fla. 479, 71 So. 836; Semple v. Semple, 90 Fla. 7, 105 So. 134; Johnson v. Sherehouse, 61 Fla. 647, 54 So. 892.' "

It is clear that the rule enunciated above controls the facts here.

In discussing the evidence the parties will be referred to in this opinion as they appeared in the lower court as plaintiff and defendant. The testimony of the plaintiff is that for the past several years she had accumulated considerable money and real estate and had engaged in the real estate business in Tampa; that she had financed a number of real estate deals involving reasonably large sums of money on property situated in Hillsborough County, and had employed the services of prominent attorneys of the Hillsboro County Bar, who corroborated her testimony in each detail. There can be no question as to the plaintiff having established each and every of the material allegations of her bill of complaint by her own testimony, which was corroborated on many material points thereof by Oscar E. Pease, E. B. Drumright, A. L. Shuster, Frank L. Butter, W. L. Jay, and R. A. Hanson. The evidence is overwhelming that she owned the property in question and for reasons as expressed by her, permitted the ownership or the legal title thereof to be placed in Mrs. Bernice Crouch.

The defendant did not contend that the plaintiff had no money or other property or was financially unable to carry forward her real estate business, but asserted that she, the defendant, by her thrift and energy had accumulated from $5,000.00 to $7,000.00 and from this money she con-

tended that the property appearing in her name was purchased. Likewise, she contended that it was a gift from her mother, the plaintiff, to the defendant, the plaintiff's daughter. On cross examination, she stated that her business career started in Atlanta, Georgia, prior to the World War, where she obtained employment at modeling and other private employment in that city; that she later went with one of the railroads and worked at Wilmington, North Carolina, for some two years and drew a nice monthly salary; that she subsequently went to California, and then came to Florida and worked in Orlando for a while, and reached Tampa sometime prior to the Florida boom. She was active in the real estate business for different concerns around the City of Tampa, and in about 1930 went into the real estate business for herself, and through her accumulations became the owner of the property described in the bill of complaint.

One of the weak points of the defendant's testimony is that she failed to give the name of the bank, or banks, where she had kept on deposit the sum of from $5,000.00 to $7,000.00 accumulated over the period of her business career, or to submit any credible testimony that she had this amount of money or with whom it was kept during the period prior to the time that she went into business. Her explanation on cross examination from what source this money was obtained and where it was kept on deposit failed to impress the court below. It appears reasonable that a person accumulating from $5,000.00 to $7,000.00 by thrift and energy over a period of years would be in a position to establish by some creditable testimony how the money was earned and where it was kept, but this she failed to establish. We have observed the testimony of John Perry, Otto Johnson, T. Van Rhyn Carty, and Alline Gudgell. The defendant's case must stand or fall upon her

testimony alone, as it is not corroborated on material points by witnesses offered in her behalf. We have given careful consideration to all the testimony and have failed to find error on the part of the lower court in deciding the facts as expressed in the final decree. In the case of Farrington v. Harrison, 95 Fla. 769, 116 So. 497, this Court said:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23.

On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

It is next contended that the lower court erred in overruling and denying the defendant's motion to dismiss the bill of complaint. We have studied the bill of complaint in light of the motion to the effect that it fails to state grounds for equitable relief and fails to show the existence of a trust relation between the plaintiff and defendant. While the bill of complaint is not a model of good pleading and no doubt could be improved upon in a subsequent

rewriting, we are inclined to think and believe that the lower court ruled correctly in denying the motion to dismiss. See Section 28 of the 1931 Chancery Act.

Counsel for appellant contend that since the taking of the testimony, it was learned that the plaintiff in the year 1936 reported to the Bureau of Internal Revenue of the United States government that the income derived from the properties involved in the suit, with other properties, held by the plaintiff in her own name, were held by the plaintiff and the defendant as co-partners and that the income received therefrom for the year 1935 was the income of said partnership. And the plaintiff below contends that in making the return she followed the advice of an Auditor of the Department, and the Auditor prepared the return for her signature and that she signed it without the slightest thought of making a false statement under oath, but only followed the suggestion and advice of the Auditor of the Internal Revenue Department to whom she went for advice. The lower court had these records before him on the 24th day of May, 1937, at the time of the entry of the final decree and refused to be influenced thereby.

The decree appealed from is affirmed.

ELLIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.