T. L. ELVINS and ETHYL WINIFRED ELVINS, his wife, and W. H. BECKHAM, as Trustee and SOUTHERN LAUNDRY, INC., a Florida Corporation, as intervenor, v. H. F. SEESTEDT and LUCY M. SEESTEDT, his wife.

4 So. (2nd) 532
Special Division B
Opinion Filed November 4, 1941
Rehearing Denied December 1, 1941

*Walsh & Ellis,* and *Knight & Green,* for Petitioners; *Peters & Kemp,* for Respondents.

CHAPMAN, J.—The Southern Laundry, Inc., W. H. Beckham, as Trustee, and T. L. Elvins and wife, Winifred Elvins, by separate petitions for writs of

certiorari filed in this Court, seek a review of and to have reversed or quashed that certain order of the Circuit Court of Dade County, Florida, dated April 14, 1941. The subject matter of this litigation and the interested parties (except Southern Laundry, Inc.) have been previously considered by this Court. See Elvins, *et al.* v. Seestedt, *et al.*, 141 Fla. 266, 193 So. 54. As against a motion to dismiss the amended bill of complaint on the ground that the same was without equity and otherwise failed or omitted to state or contain sufficient allegations to make the parties, under the several provisions of Sec. 4997 C.G.L., "joint tenants, tenants in common or co-parceners or other persons interested in said land," this Court held the allegations of the amended bill sufficient and that from the several allegations of the amended bill the appellants and appellees were joint tenants. See Elvins v. Seestedt, *supra.*

On Febraury 14, 1941, pursuant to an appropriate order made by the chancellor, after the going down of the mandate, Southern Laundry, Inc., filed its amended claim for affirmative relief in which it was prayed that on final hearing that it be decreed the legal owner of the real property described in the original bill of complaint sought to be partitioned. The material allegations are viz: Southern Laundry, Inc., was a corporation and Elvins and wife owned three-fifths of the stock, while Seestedt and wife owned two-fifths; that T. L. Elvins was president, H. F. Seestedt was vice-president, and Ethyl Winifred Elvins, secretary and treasurer, and the three constituted the board of directors.

The corporation, in November, 1933, bought lots 11 and 12 involved in the case at bar, for the purpose of

enlarging the laundry plant, and the purchase price thereof in the sum of $1,531.14 was paid by the corporation. The legal title, by consent of the stockholders, was in the name of Ethyl Winifred Elvins for the benefit of the Southern Laundry, Inc. The Laundry constructed a dry cleaning plant or building on the lots at a cost to the corporation of $5,000.00. The plant of the corporation was extended from lots adjoining lots 11 and 12 and it was agreed among the stockholders that the corporation was the owner of the legal title, which would later be conveyed to it, and the improvements were made thereon at a total cost of $5,000.00 under this agreement among the stockholders. The stockholders and Mrs. Seestedt, after the erection of the building for the corporation, went to attorney W. H. Beckham and related that the property was to be later conveyed to the corporation, and the property was conveyed by Ethyl Winifred Elvins (Trustee) to W. H. Beckham, as Trustee, who in turn executed a declaration of trust in behalf of Elvins and wife and Seestedt and wife.

It is alleged that the Southern Laundry, Inc., after placing the legal title in Ethyl Winifred Elvins, immediately went into the possession thereof and has remained continuously in possession; that the Southern Laundry, Inc., has paid taxes thereon in the sum of $925.21, and in good faith relying on, considering and believing the ownership of said two lots secure, constructed the building thereon at a cost of $5,000.00, and after the completion thereof purchased and installed in the building suitable and necessary machinery incident to a laundry and dry cleaning business at a total cost of $12,523.33; that said sum of money, together with the sum of $5,000.00, the

cost of the construction of the building and purchase price of the lots in the sum of $1,531.14, was paid for with the funds of the Southern Laundry, Inc., and drawn from its treasury. That Seestedt, as a stockholder of the Southern Laundry, Inc., not only stood by and observed the aforesaid expenditures, but ratified and approved them and coöperated with the Southern Laundry, Inc., in its expansion program; that Seestedt filed the suit at bar after a disagreement with T. L. Elvins, president of Southern Laundry, Inc., and since the date of disagreement has been bitter, hostile, and expressed an intention to wreck and destroy the corporation and its business. It is further alleged that if the land is partitioned, the building placed thereon, with the installed machinery therein and the business operated will be materially affected; that the lots cannot be partitioned, but the lots, building, machinery and business operated must be sold under the partition decree. That Seestedt and wife have been guilty of fraud, misrepresentation and laches in standing by and observing the corporation purchase the two lots, construct the building thereon, pay the taxes, install expensive machinery incident to its business and at no time did they protest said expenditures, but coöperated therewith until the disagreement with the president of the corporation, when the suit at bar was filed.

The amended claim for affirmative relief prayed: (a) that it be decreed to be the owner of the legal title of said land; (b) that Seestedt and Elvins be required to convey the same to Southern Laundry, Inc.; (c) that the court order that a resulting trust exists in behalf of the corporation; (d) that the title to said lots is held in trust for the corporation.

On April 1, 1940, Elvins and wife filed their answer to the amended bill for partition. It was admitted that the title was taken in the name of Ethyl Winifred Elvins and that she conveyed the same to W. H. Beckham, as Trustee, and that Beckham executed the declaration of trust. It was denied that the answering defendants and Seestedt and wife supplied the purchase price money for the lots, but asserted that the same was paid by the Southern Laundry, Inc.; that the answering defendants owned three-fifths and Seestedt and wife owned two-fifths of the capital stock of Southern Laundry, Inc. It was denied that the land was conveyed to Beckham, as Trustee, with the understanding that it was owned by the answering defendants and Seestedt and wife, but alleged that it was the property of Southern Laundry, Inc., and the trustee was to receive the conveyances of the legal title and that he would reconvey the same upon the directions of the directors, officer and stockholders of Southern Laundry, Inc.; that W. H. Beckham held the legal title in trust for the Southern Laundry, Inc.; that Seestedt and wife did not own individually an interest in the two lots, but the same was owned by Southern Laundry, Inc., and the answering defendants owned three-fifths and Seestedt and wife owned two-fifths of the stock therein; that W. H. Beckham, Trustee, was willing to convey the title to the Southern Laundry, Inc., and Elvins and wife had requested him so to do, but Seestedt and wife would not consent thereto. It is also alleged that if the lots were partitioned the business operations of the Southern Laundry, Inc., would be wrecked and destroyed, because the plant could not be operated when one-half of the plant and equipment was lost.

On April 1, 1940, W. H. Beckham, as Trustee, filed an answer to the amended bill for partition and the execution of the declaration of trust was admitted, and the material and pertinent portions thereof are viz:

". . . the said W. H. Beckham does hereby admit, acknowledge and declare that he holds as trustee in the proportion of three-fifths to said Ethyl Winifred Elvins and T. L. Elvins, her husband, and in the proportion of two-fifths in favor of H. F. Seestedt and Lucy M. Seestedt, his wife, the following described real estate. . .

"Said W. H. Beckham does further declare that he will own, possess and administer the same only in keeping with the interests of the parties, and will not make any sale or dispose of the same without the agreement of the parties above named as beneficiaries of said trust and that he will truly account to the said parties for any income or receipts derived therefrom, and truly and faithfully administer the same as trustee for the purposes expressed and for no other. . . .

"The said party of the first part further agrees to promptly convey the said property to any corporation or transferee as the parties of the second part may hereafter agree upon and request.

"Should the party of the first part be called upon to expend any funds or take any action for the protection of the said property against liens or claims of third parties while holding title to the same as trustee herein recited, the said party of the first part will have a lien upon said property or any income derived therefrom for his reimbursement for such expenses under such circumstances."

The answer further recites that Seestedt came to him and suggested that the legal title to the two lots should not rest in the name of Ethyl Winifred Elvins, but the corporation's interest required that it should be conveyed to a trustee, who should hold it until such a time as the trustee should be directed by Elvins and Seestedt to convey the same to the Southern Laundry, Inc. That the said Seestedt and wife and Elvins and wife, at the time of the preparation of the declaration of trust, represented that the ultimate beneficiary was to be the Southern Laundry, Inc. That W. H. Beckham was engaged in the practice of law when the declaration of trust was executed but was not so engaged when made a party to this litigation and has no interest in the controversy except to carry out the exact mandates of the declaration of trust.

On February 26, 1940, Seestedt and wife filed a motion to dismiss the amended counter claim of Southern Laundry, Inc., on grounds: (1) the material allegations of the counter claim show that Seestedt and wife and Elvins and wife are tenants in common; (2) that the allegations of the counter claim show as a matter of law that the funds of Southern Laundry, Inc., as expended constitute a distribution thereof among the stockholders; (3) from the allegations of the counter claim it is concluded that a resulting trust cannot arise because there is in existence an expressed controlling trust as made by the trustee W. H. Beckham; (4) that the allegations of the counter claim as to oral agreements of the parties with respect to the two lots are inconsistent with, contradictory of, and tend to vary the terms of the written expressed trust.

On April 15, 1940, Seestedt and wife filed a motion to strike described portions of paragraphs 1, 2, 3 and 4 of the answer of Elvins and wife on grounds viz: (1) the said allegations are argumentative; (2) said allgations tender no issue of fact; (3) the defendants have no equitable standing to enforce the rights of the Southern Laundry, Inc., in derogation of the express written trust as declared by W. H. Beckham; (4) the statutory right of partition sustained by the Supreme Court of Florida cannot be defeated or destroyed by the alleged right of the Southern Laundry, Inc. Likewise, described portions of the answer of the trustee were attacked by a motion to strike on numerous grounds.

These several motions were by the chancellor below sustained by the challenged order dated April 14, 1941. The chancellor entertained the view that the plaintiffs below in seeing partition, were within their rights as authorized so to do by the provisions of Sec. 4997 C.G.L. and the ruling of this Court in Elvins v. Seestedt, *supra;* that the allegations described in the motions to strike filed by the plaintiffs below and the motion to dismiss the counter claim filed by the Southern Laundry, Inc., were each inconsistent with and contradictory to and tended to vary the terms of the written declaration of trust of W. H. Beckham, trustee, which the court below construed as controlling.

Counsel for the respective parties pose separate questions for a decision on this record. We think the order sustaining the motion to dismiss the amended claim for affirmative relief presents the question viz: Did a resulting trust arise by operation of law where the Southern Laundry, Inc., advanced the purchase

price money with which to buy two lots adjoining its laundry plant for expansion purposes and the title thereto taken in the name of the secretary and treasurer of the corporation and while the legal title rested in the secretary and treasurer, the Southern Laundry, Inc., constructed on the two lots, with corporate funds, a building at the approximate cost of $5,000.00 and expended additional corporate funds in the sum of $12,523.33 for machinery and installation therein, and paid the sum of $925.21 as taxes over several years, and during the time occupied and possessed the property in connection with the operation of its laundry and dry cleaning plant, and the stockholder stood idly by with a knowledge of the corporate expenditures and failed to object or protest, but on the other hand fully coöperated in the program of expansion of the plant and business? The stockholders of the Southern Laundry, Inc., agreed that the title was to be conveyed to the corporation. The title to said lots was conveyed by the secretary and treasurer, at the request of the stockholders to a trustee, who in turn executed a declaration of trust in which he declared that he held the property as trustee in the proportion of three-fifths to Ethyl Winifred Elvins and husband, and two-fifths in behalf of H. F. Seestedt and wife, Lucy M. Seestedt. The trustee, in the declaration of trust, agreed that he would promptly convey the property to any corporation or transferee as the parties might agree upon and request. A disagreement arose among the stockholders, when Elvins and wife requested the trustee to convey the title to the two lots to the Southern Laundry, Inc., or to continue to hold the same, while Seestedt and wife requested the trustee to convey

directly to them the two-fifths interest as defined in the declaration of trust, which the trustee declined to do. Seestedt and wife filed partition proceedings against the lots under the provisions of Sec. 4997 C.G.L., wherein Elvins and wife and W. H. Beckham, as trustee, were made defendants, but the Southern Laundry, Inc., was not made a party. The Southern Laundry, Inc., has been in the continuous possession of the two lots and by appropriate allegations in its amended claim for affirmative relief, desires to establish by parol evidence the existence of a resulting trust and thereby defeat the partition suit. The lower court, by its order of April 14, 1941, held that the amended claim for affirmative relief as posed, *supra*, could not be maintained for the purpose of defeating the partition suit. Was this error?

This stricken pleading shows that the property sought to be partitioned was paid for with corporate fund and the legal title, at the direction of the stockholders, was placed in the name of Mrs. Ethyl Winifred Elvins. It was conveyed by Mrs. Elvins, at the direction of the stockholders, to W. H. Beckham, as trustee, and the latter was nothing more than a successor trustee to Mrs. Elvins. It is settled law that a resulting trust arises when a transfer of property is made to one person and the purchase price is paid by another. The resulting trust exists, even though it is shown that the purchase price was in fact paid by one person and title taken in another, and this is true despite contrary recitals appearing in the instrument of conveyance, and parol evidence is admissible to show the intention of the parties. The facts constituting the actual transaction may be established by parol evidence. See Scott on Trusts,

Vol. 3, par. 440, pages 2237-2242. The foregoing rule has been recognized by this Court for many years. See Matthews v. Porter, 16 Fla. 466; Ward v. Spivey, 18 Fla. 847; Caruthers v. Williams, 21 Fla. 485; Lofton v. Sterrett, 23 Fla. 565, 2 So. 837; Geter v. Simmons, 57 Fla. 423, 49 So. 131; Johnston v. Sherehouse, 61 Fla. 647, 54 So. 892; McGill v. Chappelle, 71 Fla. 479, 71 So. 836; Thomas v. Goodbread, 78 Fla. 278, 82 So. 835; Semple v. Semple, 90 Fla. 7, 105 So. 134; Dale v. Jennings, 90 Fla. 234, 107 So. 175; Fox v. Kimball, 92 Fla. 401, 109 So. 465; Brown v. Brown, 106 Fla. 423, 143 So. 737; Fisher v. Grady, 131 Fla. 1, 178 So. 825; Flanagan v. Herrett, 130 Fla. 531, 178 So. 147; Crouch v. Poole, 133 Fla. 489, 182 So. 844; Arundel Debenture Corp. v. LeBlong, 139 Fla. 668, 190 So. 765.

The chancellor below held, and counsel for appellees here contend, that the recital in the declaration of trust as made by the trustee viz: "the said W. H. Beckham does hereby admit, acknowledge and declare that he holds as trustee in the proportion of three-fifths to said Ethyl Winifred Elvins and T. L. Elvins, her husband, and in the proportion of two-fifths in favor of H. F. Seestedt and Lucy M. Seestedt, his wife." is conclusive as between the parties to the instrument and parol testimony is inadmissible to contradict, vary or alter the terms thereof, and the case of Sorrells v. McNally, 89 Fla. 457, 105 So. 106, and similar cases, are cited and here urged that a resulting trust is a creature of equity and never arises where the parties have made a declaration of trust in writing. The answer to this contention is (1) that the Southern Laundry, Inc., supplied the purchase price money but was not a party to the declaration

of trust relied on; (2) the proportionate interest of the parties in the two lots is fixed at two-fifths and three-fifths, respectively, as stockholders in the Southern Laundry, Inc.; (3) parol testimony is necessary to explain the language thereof viz: "The said party of the first part further agrees to promptly convey said property to any corporation or transferee as the parties of the second part may hereafter agree 'upon and request."; (4) if the language of the declaration of trust is conclusive on all the parties, the law applicable to resulting trusts is set aside; (5) a judgment creditor by creditor's bill would be heard in a court of equity to subject the lands described in the declaration of trust to a judgment against the Southern Laundry, Inc.; (6) the Southern Laundry, Inc., seeks an opportunity to show by parol testimony that it owns the two lots and the relation of joint tenants does not exist between Elvins and wife and Seestedt and wife, as alleged. It has the lawful right to establish this issue as a complete defense to the partition suit.

The question of compensation for the trustee for services rendered and the attorneys' fees incurred in defending the title to the trust property are items to be heard and determined by the lower court. See Smith v. Massachusetts Mut. Life Ins. Co., 116 Fla. 390, 156 So. 498, 95 A.L.R. 508.

The petitions for writs of certiorari are granted and the challenged order dated April 14, 1941, is quashed and the cause remanded for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

BROWN, C. J., TERRELL, and BUFORD, J. J., concur.