It is my view and conclusion that the second amended bill of complaint, as dismissed below, contains equity and its allegations are legally sufficient to establish a resulting trust and the appellees-defendants should be required to answer the same. See Lofton v. Sterrett, 23 Fla. 565, 2 So. 837; Geter v. Simmons, 57 Fla. 423, 49 So. 131; McGill v. Chappelle, 71 Fla. 479, 71 So. 836; Thomas v. Goodbread, 78 Fla. 278, 82 So. 835; Semple v. Semple, 90 Fla. 7, 105 So. 134; Dale v. Jennings,90 Fla. 234, 107 So. 175; Fisher v. Grady, 131 Fla. 1, 178 So. 852; Elvins v. Seestedt, 148 Fla. 408, 4 So.2d 532, and similar cases. From all the evidence adduced the Chancellor then could decree whether the deceased, Max Sonz, by each written instrument intended a gift or a resulting trust of the described property. I would reverse the order of dismissal of the second amended bill of complaint and require the appellees-defendants to answer.
TERRELL and BARNS, JJ., concur.