MATHEWS, Justice.
There was filed in the County Judge’s Court of Polk County an unlawful detainer suit by the appellee against the appellants in this cause. The suit was dismissed by the County Judge on the ground that title to the property was involved. The appellants then filed a suit in the Circuit Court alleging an oral agreement with the ap-pellee for the purchase-of the tract of land in question, and claimed they had paid half of the "purchase price although the deed was taken in the name o.f the appellee. In seeking to impose a trust upon the property they claimed that they had a fifty percent interest in the property.
The appellee filed an answer denying all material allegations of the bill of complaint. He prayed for affirmative relief, that the Court would assume complete jurisdiction, declare that the trust had not been established, find against the appellants’ contention of the constructive trust, declare the defendant be the sole owner of the property, and require the plaintiffs to remove themselves from the premises.
The testimony in this case was taken before the Chancellor personally, after which he made and entered a final decree wherein the Court found thaf the plaintiffs had failed to produce sufficient evidence to establish the allegations contained in their bill of complaint. In and by the said final decree the Court said:
“It is the finding of this Court that in a suit to establish a constructive trust the. burden of proof is on the plaintiff and that the law of the State of Florida is that the evidence to establish such a trust must be so clear, strong and unequivocal, as to remove from the mind of the Chancellor every reasonable doubt as to the existence of the trust. Lightfoot v. Rogers [Fla.], 54 So.2d 237; Forrester v. Watts [73 Fla. 514], 74 So. 519; Hill v. Beacham [79 Fla. 430], 85 So. 147; Foster v. Thorntorn [131 Fla. 277], 179 So. 882; Elvins v. Seestedt [148 Fla. 408], 4 So.2d 532; Quinn v. Phipps [93 Fla. 805], 113 So. 419 [54 A.L.R. 1173]; Columbia Bank for Cooperatives v. Okeelanta Sugar Cooperative [Fla.], 52 So.2d 670.”
The Court in its final decree dismissed the bill of complaint and granted to the appellee the relief prayed for.
It does not appear that any reversible error was committed and the decree of the Chancellor should be and is hereby
Affirmed.
TERRELL, Acting C. J., and SEBRING and BIRD, JJ., concur.