CARROLL, DONALD K., Chief Judge.
The plaintiffs in a suit to quiet title have appealed from a final decree entered by the Circuit Court for Duval County dismissing their complaint with prejudice.
In their complaint the plaintiffs deraign their title to the subject land out of the *422 United States Government and into private ownership by alleging that the United States Government conveyed the land to the State of Florida by a patent and that the Legislature of the State of Florida granted the land to the Atlantic and Gulf Central Railroad Company. The plaintiffs next allege that the Florida National Bank of Jacksonville, as trustee under an indenture of trust dated May 22, 1928, conveyed the land to one Cynthia J. Yelvington, a widow, as successor trustee, by a deed dated May 26, 1933, and recorded the next day in the public records of Duval County, Florida; and that thereafter the said Cynthia J. Yelving-ton, a widow, and as successor trustee under the said indenture of trust, conveyed the land to the plaintiffs by a warranty deed dated and recorded May 24, 1939.
With reference to the defendants’ title, interest, or claim in or to the said land, the plaintiffs in their complaint allege the following complex series of transactions: On July 27, 1927, Neal D. Benedict and his wife, Margaret E. Benedict, who were then the owners of the subject land, executed a mortgage encumbering the land in favor of the Florida National Bank of Jacksonville, as executor of the last will and testament of Lola E. Mason, deceased, which mortgage was given to secure a promissory note in the principal sum of $6,000. On April 28, 1928, the said bank as such executor assigned the said mortgage to eight persons, all of whom apparently were members of the Roberts family. Two days later three of these assignees assigned their % interest in the mortgage to the other five assignees, the latter group consisting of the said Margaret E. Benedict, the said Cynthia J. Yelvington, the plaintiff George D. Roberts, and the defendants Nathan E. Roberts and Laura Estelle Wall. On May 22, 1928, these five assignees executed an indenture of trust, mentioned in the preceding paragraph of this opinion, naming the said bank as trustee, and assigned the said mortgage and conveyed certain other lands to the said bank. By deed dated January 3, 1931, and recorded three days later, the said Neal D. Benedict and his wife, Margaret E. Benedict, the then owners of the subject land, conveyed this land to the said five assignees, the beneficiaries under the said indenture of trust.
The plaintiffs in their complaint specifically allege that the consideration for the execution of the last-mentioned deed from the Benedicts to the five assignees was the cancellation and satisfaction, by the said bank as said trustee, of the said mortgage encumbering the subject land, which satisfaction was dated January 10, 1931, and recorded three days later.
After so alleging the execution of the deed by the Benedicts in favor of the said five assignees, the plaintiffs in their complaint aver the following as their theory underlying their contention in this suit that all title and interest in and to the said land are in them and not in the defendants:
“That as a matter of law, a resulting trust came into being in favor of Florida National Bank of Jacksonville, Trustee, as the party from whom the consideration for the aforesaid deed passed, with the bare legal title thereto resting in the grantees named in said deed, namely, Margaret E. Benedict, Cynthia J. Yelvington, Nathan E. Roberts, George D. Roberts and Laura Estelle Wall, but the true and beneficial ownership being vested in said Trustee.”
The complaint then alleges that the said five assignees, the beneficiaries under the said indenture of trust, executed an agreement, pursuant to the provisions thereof, requesting that the said bank resign as trustee thereunder, and named, appointed, and substituted Cynthia J. Yelvington as the successor trustee of the said indenture of trust, which agreement was dated May 26, 1933, and recorded on the following day. The complaint also alleges that the said bank by deed dated May 26, 1933, and recorded the next day, executed a deed conveying and assigning to Mrs. Yelvington as successor trustee “all right, title and in *423 terest in lands held by it under the above mentioned Indenture of Trust, and such deed specifically recognized and asserted ownership of the subject land and described same in particular.”
Finally, as mentioned before, the complaint alleges that Mrs. Yelvington, as successor trustee under the said indenture of trust, conveyed the subject land to the plaintiffs by a warranty deed dated and recorded May 24, 1939.
The critical question confronting us on this appeal is what interest in the land, if any, was conveyed to the plaintiffs through the deed from the bank to Mrs. Yelvington and the deed from Mrs. Yelvington to them.
The theory of the plaintiffs, as set forth above, is that, as a matter of law, a resulting trust came into being in favor of the bank, trustee, as the party from whom the consideration for the deed from the Bene-dicts passed, with the bare legal title thereto resting in the grantees named in the deed, that is, the five beneficiaries of the trust “but the true and beneficial ownership being vested in said Trustee.”
The law is established in this state that, where the purchase money of land is paid by one person and the title is taken in the name of another, a resulting trust arises, the party taking the title being presumed to hold it in trust for him whp pays the purchase price. See Martin v. Wilson, Fla.App.1959, 115 So.2d 573, and Elvins v. Seestedt, 1941, 148 Fla. 408, 4 So.2d 532, 535 and the cases cited therein.
Under the plaintiffs’ theory, the land in question was conveyed by the Bene-dicts to the five beneficiaries of the trust in exchange for the consideration given by the bank as trustee—namely, the satisfaction of the mortgage which the bank held as trustee for the benefit of those same beneficiaries.
We do not think that a resulting trust arises in favor of the bank under these circumstances. Looking through the form to the substance of the transaction, the consideration was really paid by the five beneficiaries, the grantees of the deed, for they held the beneficial interest in the mortgage that was satisfied. It would be highly inequitable as a result of this transaction to impose a resulting trust upon the land in favor of the bank. The bank had never held more than a bare legal title to the mortgage which is satisfied, and to endow it with the equitable interest in the land under the resulting trust theory, would, we think, unjustly enrich the trustee at the expense of the beneficiaries of the trust, contrary to many precepts of the trust relationship. We hold, therefore, that, when the bank executed its satisfaction of the mortgage, the bank held no legal or equitable interest in the land which it could convey to Mrs. Yelvington as the successor trustee or to anyone else.
In addition to their argument based upon their theory of resulting trust, the plaintiffs-appellants invoke and rely upon the provisions of Section 95.23, Florida Statutes, F.S.A., which reads as follows:
“Limitations where deed or will of record for twenty years or more.—After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in title.
“After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim.”
The plaintiffs claim under the deed from the bank to Mrs. Yelvington as successor trustee, which deed was recorded on May 27, 1933. They point out that this deed had been of record for more than twenty-five years at the time the present suit was filed on July 30,1958, and that during that period *424 no adverse claim has been asserted against the said deed.
While on the surface the deed from the bank to Mrs. Yelvington might seem to come within the literal language of the quoted statute, we do not think that the legislature in enacting this statute intended it to apply to such a situation as the present, where the deed in question was obviously a conveyance by a resigning trustee of the trust property to the successor trustee and we do not think that the five beneficiaries of the trust were thereby put on notice that the bank was therein claiming title to or an interest in the land adverse to their interest, and hence they could not reasonably be required to assert by competent record title their adverse claim to the land. In our view, the plaintiffs’ position is not aided by Section 95.23 and that statute does not have the effect of making the said deed from the bank valid and effectual for conveying the land in question.
The appellants have also assigned as error the entry by the court of an order striking their notice of dismissal dated and filed on May 5, 1960. Their notice was filed under the provisions of Rule 1.35 (a) (1) of the Florida Rules of Civil Procedure, 30 F.S.A., reading as follows:
“Rule 1.35. Dismissal Of Actions
“(a) Voluntary Dismissal; Effect Thereof.
“(1) By Plaintiff; By Stipulation. Subject to the provisions hereof, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment or decree, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal shall be without prejudice, except that a dismissal shall operate as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this State an action based on or including the same claim.”
The plaintiffs were not entitled to a dismissal of their action without order of court pursuant to the quoted rule for the reason that, prior to the time they filed their notice of dismissal, they had been served with the answer of one of the adverse parties — namely, the defendant Elizabeth Roberts Beattie, who filed an answer to the original complaint on September 2, 1958, and also an answer on October 27, 1958, to the complaint as amended and supplemented. The plaintiffs were, therefore, not entitled to a dismissal without order of court under this rule, and the court properly granted a defense motion to strike the notice.
Finding no reversible error in the final decree appealed from, the decree is affirmed.
Affirmed.
STURGIS and WIGGINTON, JJ., concur.