PEARSON, Judge.
This interlocutory appeal brings on for review a post-judgment order in a dissolution of marriage. The order appealed interprets a provision of a property settlement agreement which had been approved by the court in the final judgment. The provision is as follows:
“Husband and wife presently own, as an estate by the entireties, that certain real property located at 6910 Talavera *453 Street, Coral Gables, Dade County, Florida, with legal description of:
Lot 7, Block 229, Coral Gables Riviera Section, Part 12, according to the plat thereof, recorded in Plat Book 29, at Page 35 of the Public Records of Dade County, Florida.
“It is agreed, concerning said real property, that the Court may decree that the husband and wife own said real property as tenants in common, upon divorce decree being entered by the Court, and that wife may reside therein until wife dies or remarries. If wife moves from said real property, or remarries, the real property will be sold and the proceeds will be divided- equally between husband and wife and husband and wife will, at that time, select a more modest home suitable for the then needs of wife and child, the payment for said other home to be paid for equally by husband and wife.
“All other property, real, personal or mixed now in the sole name of husband or now in the joint name of husband and wife, upon divorce of the parties, shall be the sole property of husband and husband shall own all of same in fee simple absolute with no rights in wife in any of said properties. In this regard wife shall, upon signing this document do all things necessary to transfer the title of all of such property out of her name and into the sole name of husband.
“So long as wife shall live in the Tal-avera property pursuant to the agreement above, husband shall be responsible for making the payment of the mortgage, taxes and insurance payments and, in addition, shall pay for the costs of general house maintenance which shall include such things as cutting the lawn, exterminator, painting, and general repairs to the structure, but will not include any other items.”
The trial court found:
íH # * ‡ S{£ ‡
“[3] The property located at 6910 Ta-lavera Street, Coral Gables, the marital home of the parties, was sold for $62,500.00, and in accordance with said property settlement agreement the proceeds thereof were divided equally between the husband and wife. Thereafter, also pursuant to said property settlement agreement, the husband and wife selected as a more modest home suitable for the then needs of the wife and child, to wit, Unit 1606-D, Bayshore Place Condominium, which in accordance with said property settlement agreement, was purchased for the gross purchase price of forty-four thousand seven-hundred seventy four dollars and seventy-one cents ($44,774.71) which the parties agreed should be paid for equally by husband and wife, and the wife instituted this proceeding to compel the husband to pay one-half of said purchase price.
“[4] Said property settlement agreement expressly provided that ‘so long as wife shall live in the Talavera property (the marital home of the parties) pursuant to [said] agreement * * * the husband shall be responsible for making the payment of the mortgage, taxes and insurance payments, and, in addition, shall pay for the costs of general house maintenance which shall include such things as cutting the lawn, exterminator, painting and general repairs to the structure, but will not include any other items,’ but contained no provision obligating the wife to reimburse the husband for any sums he paid pursuant to said provision. The husband complied with that term of said property settlement agreement, paying $16,014.00 as mortgage payments plus an additional $500.00 for maintenance costs between April 1970 and July 1974, when said property was sold, and the proceeds divided equally between the husband and wife in accordance with said property settlement agreement.”
*454 The trial court held:
“First: That Plaintiff, MARILYN C. WATERS, is entitled to the relief sought by her said motion to compel, and Defendant, WILLIAM R. WATERS, is legally obligated to pay one-half of the purchase price of said home purchased by Plaintiff, described as Unit 1606-D of Bayshore Place Condominium, for the total purchase price of $44,774.71, that is to say, $22,387.35, together with interest thereon at 6% from January 18, 1974, the date upon which said unit was purchased, until paid, and accordingly, it is adjudged that Plaintiff, MARILYN C. WATERS, do have, receive and recover from Defendant, WILLIAM R. WATERS, the sum of $22,387.35, together with interest thereon at 6% from January 18, 1974 until paid in full, for which let execution issue according to law.
"Second: That the Counter-plaintiff on motion of said WILLIAM R. WATERS for judgment against Plaintiff, MARILYN C. WATERS for reimbursement of the sums described therein paid by said Defendant, is hereby denied and dismissed with prejudice.”
Appellant husband’s brief presents two points. The first urges error upon the trial court’s failure to order returned to the husband from the sale proceeds from the first home all of the money expended by him for mortgage payments and repairs from the date of the dissolution to the date of sale. We hold that no error has been demonstrated under this point. See Howell v. Howell, Fla.App.1964, 164 So.2d 231 and Centrella v. Centrella, Fla.App.1969, 229 So.2d 882.
The husband’s second point urges error upon the trial court’s holding that the husband must pay immediately one-half of the total purchase price of the new home. We hold that error is demonstrated and reverse this portion of the order. The trial judge interpreted the contract between the parties to provide two separate rights in the wife in regard to a home for her. First, she had a right to remain in the jointly-owned and jointly-maintained marital home as long as she wished, subject to her remarriage. Second, if she chose to remove herself or remarry, she could call upon the husband to provide one-half' the purchase price for a new home which would be entirely hers. The conclusion of the .trial judge is supported by the agreement, except for the provision that the new house was to be entirely hers. There are no words of gift included in the agreement. It simply says that the parties will select a home suitable for the then needs of the wife and child, “the payment for said other home to be paid for equally by husband and wife.”
The law does not presume a gift between former husband and former wife. Cf. Fuller v. Fuller, Fla.App.1968, 215 So.2d 507. The agreement must be construed as a whole. See Hall v. Hall, Fla.App.1961, 135 So.2d 432. One of the declared intents and purposes of the agreement was to provide a home for the wife and child. The first home was to be the marital home where joint ownership existed. The second home was to be a substitute for the marital home. There is no provision for a change of the type of ownership in the substitute home. One who provides the purchase price or a part thereof is presumed to be an equitable owner unless a contrary intent is ascertainable from the dealings of the parties. See Roberts v. Roberts, Fla.App.1961, 133 So.2d 421. We hold, therefore, that the trial judge erred in entering a judgment against the husband for one-half the purchase price of the substitute home where the wife had taken title in her name alone. The cause will be remanded with directions to order the simultaneous payment of the one-half of the purchase price to the wife and the delivery of a deed conveying a one-half undivided interest in the real property to the husband.
Affirmed in part, reversed in part and remanded with directions.